[No. 2197]

IN THE MATTER OF THE APPLICATION FOR THE DISBARMENT OF GORDON W. BAILEY AS AN ATTORNEY AT LAW.

[161 Pac. 512]

1. ATTORNEY AND CLIENT—DISBARMENT PROCEEDINGS—EVIDENCE—SUFFICIENCY.

In a proceeding for disbarment of an attorney, evidence, consisting in part of an affidavit, *held* to support a charge that respondent by falsely and wilfully representing to an officer that affiant was defendant in a divorce action in which respondent was attorney for plaintiff, procured the service of summons on affiant and a false affidavit of service.

2. ATTORNEY AND CLIENT—DISBARMENT—GROUNDS.

An attorney's action in knowingly and fraudulently procuring the service of summons in a divorce action in which he was counsel for plaintiff, upon another than defendant, and by falsely representing to the officer that the person served upon was said defendant, procured him to make a return of service showing falsely that the summons had been duly served upon said defendant, was misconduct sufficient for disbarment.

APPLICATION by the Nevada Bar Association for the disbarment of Gordon W. Bailey as an attorney at law. **Respondent disbarred.**

*A. Grant Miller, L. N. French,* and *E. F. Lunsford,* for Petitioner.

For Respondent, no appearance.

By the Court, McCARRAN, J.:

Application for disbarment in this instance is made by and through a committee duly appointed by the Nevada Bar Association.

Pursuant to the petition, citation was issued to the said Gordon W. Bailey, requiring him to appear on Thursday, the 30th day of December, 1915, and show cause, if any he might have, why he should not be disbarred. An order was duly made, upon application and statutory affidavit, directing service of said citation by posting and publication. The citation was duly published, proof thereof having been submitted to this court in the form of an affidavit of the publisher of the Nevada State Journal, showing that citation was published as directed for a period of six consecutive weeks commencing on the 12th day of October, 1915, and ending with the issue of date the 25th of November, 1915. Proof of posting in the manner prescribed by law was made by the affidavit of A. Grant Miller, Esq. No appearance was made in this court for or in behalf of said Gordon W. Bailey; and on November 21, 1916, the default of the said Bailey was entered.

Gordon W. Bailey, whose license is sought to be revoked, was an attorney at law, duly licensed by this court to practice law in all the courts of the State of Nevada. The application for disbarment in this instance is based upon the ground that the said Gordon W. Bailey, in violation of his duties as an attorney at law and of the duties imposed upon him by his oath of office as such attorney at law, has been guilty of misconduct in office.

Several charges of misconduct, and indeed some evidence bearing out most of them, were presented to this court by the testimony under oath of A. Grant Miller, Esq., a witness called in behalf of the bar association committee.

One specific charge of misconduct made in the complaint, and which the court deems sufficient for disbarment, is as follows:

"That said Gordon W. Bailey, while acting as one of the attorneys for plaintiff in the divorce action of

*Francisca Redondo* v. *Demetrio Redondo*, then pending in the Second judicial district court of the State of Nevada, in and for the county of Washoe, and numbered 10,966, fraudulently and wilfully procured the service of the summons in the said action to be made upon one Pierre Couste, on or about the 28th day of July, 1915, the said Gordon W. Bailey then and there well knowing that the said Pierre Couste was not the defendant in the action and so procured the said service to be made by falsely representing to one William O'Brien, as server of the said summons that the said Pierre Couste was the defendant in said action, and by so falsely representing to the said William O'Brien that the said Pierre Couste was Demetrio Redondo, procured the said William O'Brien to make a return of service of the said summons showing falsely that the said summons had been duly served upon the said Demetrio Redondo, and that upon the said false affidavit of service the said Second judicial district court proceeded to the trial of said action and ordered and decreed a divorce of the parties thereto."

Supporting the charge was evidence presented to this court by the testimony of A. Grant Miller, Esq., and William O'Brien, and the affidavit of Pierre Couste. The affidavit of Pierre Couste, offered in support of the charge, is as follows:

"Pierre Couste, being first duly sworn, deposes and says: I did on or about the 15th day of July, 1915, I went to the office of Gordon W. Bailey, an attorney, offices in the Journal Building in the city of Reno, Nevada; I said I knew a lady who wanted to get a divorce and I would send her to him; he asked me where the husband was, but I did not say anything about it; the lady's name is Francisca Redondo; I told him I didn't know where her husband was; I brought Mrs. Redondo to Bailey because Bailey could talk Spanish and she could talk Spanish and not English; I afterward went with Mrs. Redondo to Bailey's office; at this time Mr. Bailey asked Mrs. Redondo where Mr. Redondo was and Mrs. Redondo said to Mr. Bailey that she did not know; that she had not seen him

for two years. I never saw Mr. Redondo in my life; I don't know him; I told Mr. Bailey my name was Pierre Couste; I asked Mr. Bailey how long it would take to get her a divorce; he said maybe a week or two; afterward Mr. O'Brien came to my house and asked me to come to Bailey's office; I went; Mr. O'Brien gave me some papers, and said something to me, and I said, 'Yes, I think so'; I laid the papers on Mr. Bailey's table; Mr. Bailey asked me if those papers were all right, and I said, 'I think so'; I did not take the papers away; I cannot read much English; I have been in Reno about seven months; I never saw Redondo in my life or in Reno; I heard Mr. Bailey ask Mrs. Redondo where Redondo was when I visited Bailey's office before, and Mrs. Redondo told Bailey she didn't know, but thought he was in Spain, in Madrid; I did not know that Mr. Bailey was pointing me out as Redondo; I gave Mr. Bailey $60 for Mrs. Redondo to pay for her divorce; I know nothing about these law matters, but Mr. Bailey told me he would fix it up all right."

1. The charge is amply supported—so much so that the court made the order of disbarment from the bench at the time of submission and before preparing this opinion.

2. Records such as that found in the career of Gordon W. Bailey present a chapter in human conduct difficult to understand. Youth, energy, ability, genial and pleasing personality, all combined in one individual, would indicate something better than a climax painted in the dark colors of studied, consummated fraud and deception. Condemnation is the first blush that comes to the cheek of shocked propriety. But propriety should be an exacting, a charitable, mistress. Condemnation neither explains nor rectifies; and, while it may scourge, it teaches no lesson. We may enforce the laws of man; we may interpret his constitutions and his codes, but we can offer no solution for the varying and conflicting laws that, emanating from an unseen power, seem to govern the idiosyncracies we find in mankind. The potter's thumb that molds the bowl of human nature leaves many a dent,

and the symmetry we seek may, when found, in our ideal, serve only to cover up the greater flaw.   At the close of a chapter in the life of a young man in which were written the elements of fraud, cunning and deceit, however hesitatingly we may approach it, there remains for us but to write the word—the climax to which such elements lead—disbarred.

It is so ordered.