[S. F. No. 13262. In Bank.—August 26, 1929.]

In the Matter of the Suspension of DOUGLAS THOMPSON WINNE, Attorney at Law and Member of The State Bar.

Douglas Thompson Winne, *in pro. per.*, for Petitioner.

Gallagher & Jertberg and Gilbert H. Jertberg for The State Bar.

THE COURT.—The State Bar, through its local administrative committee for the county of Fresno, gave notice to Douglas Thompson Winne in the form of an order to show cause, that it would on May 23, 1928, at a certain time and place in the city of Fresno investigate certain conduct as shown in three separate specifications on the part of said Winne as an attorney at law and a member of The State Bar, alleged to be in violation of his oath and duty as an attorney and counselor at law, involving moral turpitude, dishonesty and corruption. The investigation took place as noticed with said Winne present thereat. After consideration of the evidence before it the committee determined that it was insufficient to warrant any disciplinary recommendation on its part as to the first two specifications, and they may be dismissed from further consideration. The third specification was as follows:

"That in a certain matter in which you [said Winne] acted as attorney for Marabelle Bandy, as administratrix of the estate of her deceased husband, No. 9493, Department No. 1, in the Superior Court of the state of California in and for the county of Fresno; and in which matter it is alleged that you altered, without legal right or authority, the inventory and appraisement in said estate by increasing

the amount thereof by the sum of $1,800.00; and in which matter it is alleged you collected attorney fees on such additional amount of $1,800.00, which sum, it is alleged, as a matter of law you well knew was no part of said estate, and on which amount you had no legal right to collect any statutory attorney fees in said estate; and that you attempted to deceive the court in this regard.''

As to this specification the committee found as follows: ''That said accused was, and for many years last past has been, an attorney and counselor at law, admitted to practice such profession in the state of California, and has practiced the same, and is now practicing the same in the city of Fresno, county of Fresno, state of California, and that said accused now is an active member of The State Bar of California;

''That said accused was the attorney for one Marabelle Bandy, as administratrix of the estate of her deceased husband, Robert Haskel Bandy, which said estate was probated in the superior court of the state of California in and for the county of Fresno, No. 9493, Department No. 1, in the year 1927;

''That said accused, on behalf of said administratrix, filed a petition for letters of administration in the matter of said estate;

''That letters were thereafter duly issued to the said Marabelle Bandy;

''That an inventory and appraisement was issued in said matters and the same was prepared by the accused;

''That Charles A. Hill, one of the inheritance tax appraisers of the state of California in and for the county of Fresno, was by the said superior court appointed sole appraiser of said estate;

''That said accused listed and set out in typewriting in said inventory certain properties belonging to said estate, and delivered said inventory to said Charles A. Hill, as such appraiser, for appraisement of said property so listed therein;

''That said appraiser appraised the said items of property so listed and set out in said inventory and returned said inventory, with his appraisement thereon of said property, to the accused for the accused to file said inventory and appraisement with the county clerk of the county of Fresno,

state of California, and said appraiser at the same time delivered to said accused a certificate that no inheritance tax was payable on said estate;

"That at the time said appraiser delivered said inventory and appraisement to said accused the same was completely typewritten;

"That thereafter said accused, in his own handwriting, in ink, added the following item to said inventory and appraisement:

" 'Life insurance . . . $1800.00,' and said accused altered in his own handwriting, in ink, in one place on said inventory and appraisement the total value of said estate as found by said Charles A. Hill, appraiser, to correspond with said item above quoted inserted in said inventory and appraisement by the said accused;

"That the recapitulation of the value of said estate as found by said appraiser, and appearing on the last page of said inventory and appraisement however, was not changed, but remained the same as fixed by the said appraiser;

"That pursuant to the understanding with the said appraiser, the oath of the administratrix was made after said appraisement had been made by said appraiser, and after the said inventory and appraisement had been returned to the accused by said appraiser, and the said oath is written in the handwriting of the accused in ink, except the printed portions thereof; (The committee attaches no misconduct to this irregularity with regard to the filling in, and taking of the oath by said administratrix, in said inventory and appraisement, as above stated);

"That the accused, after the said inventory and appraisement was returned to him by the said appraiser filed the same with the county clerk of the county of Fresno, state of California;

"That said committee is unable to determine whether the said alterations appearing in ink in the handwriting of said accused in inventory and appraisement, to which the committee attaches importance, were made before or after the filing of the same with said county clerk;

"That thereafter the said accused mailed to the said administratrix of said estate and the said administratrix received the same, a petition for final account and distribu-

tion of said estate, together with a letter addressed to said administratrix, itemizing the various properties of said estate, and included therein life insurance money in the sum of $1800.00, and in said letter computed the attorney fees as owing to said accused based upon the statutory probate fees, and included, for the purpose of fixing the amount of said attorney fees in said computation the said sum of $1800.00, and requested that said administratrix send her check to the accused for the amount so found due as statutory attorney fees in the matter of said estate, including therein the amount of statutory attorney fees that would be allowed on said sum of $1800.00;

''That said life insurance money above mentioned represented the proceeds of a life insurance policy held by the decedent in the State Life Insurance Company of Indiana in the amount of $1000.00, with double indemnity in case of accidental death; that the sole beneficiary of said life insurance policy was Marabelle Bandy, wife of said decedent; that said decedent met with an accidental death, and said insurance company paid by check directly to the said Marabelle Bandy, said sole beneficiary under said policy, the double indemnity value of said insurance policy, less the sum of about $200.00, which had been borrowed on said policy by decedent in his lifetime; that the said accused did nothing whatsoever concerning the collection or payment of said life insurance money by said company to said Marabelle Bandy.

''That the collection of said money and the payment thereof to said Marabelle Bandy was handled entirely by J. Wesley Tilton, local agent of said insurance company in Fresno, California;

''That the accused knew prior to the filing of said petition for letters of administration, and at all times thereafter during the course of the administration of said estate, and at the time said written demand for attorney fees, including the statutory attorney fees on the said sum of $1800.00 was made to the said Marabelle Bandy, that said insurance policy was payable to the said Marabelle Bandy individually, and that the estate of said Robert Haskel Bandy, deceased, was in no manner interested or concerned with the same;

"That although accused prepared and mailed to the said Marabelle Bandy said petition for final account and distribution, including said $1800.00 life insurance money above referred to as part of the assets of said estate, for her signature and verification, the same never was executed by said administratrix, and thereafter the accused filed a petition in said matter in said superior court for the entire estate to be set aside to the administratrix as the widow of said decedent under the provisions of section 1469 of the Code of Civil Procedure of the state of California, without filing an amended inventory and appraisement or changing in any manner the original inventory and appraisement, including said item of life insurance—$1800.00 —theretofore filed in said estate;

"That thereafter said accused appeared in court at the time of the hearing of said petition and obtained an order of court setting aside to said administratrix under said section 1469 of the Code of Civil Procedure of the state of California, as the widow of said decedent, all of the property of said estate, without calling the attention of said court to said inventory and appraisement on file in the matter of said estate, which inventory and appraisement (including said item of life insurance—$1800.00) totaled $4082.00."

Said committee, as a conclusion from the above findings, determined that the accused was guilty of unprofessional conduct involving moral turpitude and recommended:

"That said accused, Douglas Thompson Winne, be disciplined by being suspended from the practice of law in the state of California and from practicing his profession in any of the courts of the state of California and from holding himself out to the public as an attorney and counselor licensed to practice law in the state of California, for the period of one year."

On September 14, 1928, the Board of Governors of The State Bar passed the following resolution:

"The respondent Douglas Thompson Winne having personally appeared before the Board of Governors and presented his oral argument in opposition to the committee's recommendation, be it

"Resolved, that the findings of the Local Administrative Committee for the county of Fresno be adopted as the find-

ings of the Board of Governors and that the respondent Douglas Thompson Winne be and he is hereby suspended from the practice of the law in the state of California for the period of one year."

The record having been fully filed in this court by the Board of Governors on September 28, 1928, said Winne filed an unverified application for a review of the proceedings. Besides being unverified, it is also redundant in its reference to matters foreign to the particular matter under investigation by the local committee as shown by its findings, and contains no citation of evidence to support applicant's principal contention of a want of evidence to support the findings and determination of the local administrative committee. The applicant has filed no brief, but has offered for filing an "Argument" which may be characterized rather as a plea in extenuation or for leniency. The application suggests certain legal questions, the principal one being as to the constitutionality of the State Bar Act (Stats. 1927, p. 38), recently passed upon adversely to applicant's contention in *State Bar of California* v. *Superior Court, etc.* (L. A. No. 11141), 207 Cal. 323 [278 Pac. 432], decided May 31, 1929.

It is further contended, as the State Bar Act was not in effect at the time the alleged unprofessional acts were committed, that an investigation of them under the authority of the act is *ex post facto*. The investigation not being criminal, but in the nature of a special proceeding to determine whether or not the applicant has exercised the privilege of franchise to practice law in conformity with the statutes and ethics of the legal profession, and section 287 of the Code of Civil Procedure, defining the causes for which an attorney may be disbarred or suspended, being in effect at the time of the alleged unprofessional acts, the contention is without merit. (See *Cohen* v. *Wright*, 22 Cal. 293; *In re Vaughan*, 189 Cal. 496 [24 A. L. R. 858, 209 Pac. 353]; *Reetz* v. *Michigan*, 188 U. S. 505 [47 L. Ed. 563, 23 Sup. Ct. Rep. 390]; *Foster* v. *Board of Police Commrs.*, 102 Cal. 483 [41 Am. St. Rep. 194, 37 Pac. 763]; *Hawker* v. *State of New York*, 170 U. S. 189 [42 L. Ed. 1002, 18 Sup. Ct. Rep. 573, see, also, Rose's U. S. Notes].)

42

Certain acts of the Board of Governors with relation to procedural matters are also complained of, but are without merit. ▮▮ The principal reliance of applicant is, and must be, upon his contention of insufficiency of evidence to warrant or justify the determination of the Board of Governors. Applicant has not complied with the rule which requires that his application ''must fairly state all the material evidence relative to the point as to which such want of evidence is claimed to exist.'' The record has been carefully read and considered and we think it amply supports the recommendations of the Board of Governors.

It is ordered, therefore, that Douglas Thompson Winne be suspended from all the rights and privileges of an attorney at law for the period of one year from and after the date of the filing of this order.