[S. F. No. 13391. In Bank.—January 29, 1930.]

In the Matter of the Accusation Against W. F. STAFFORD.

J. J. Dunne for Petitioner.

Grover O'Connor for Respondent.

LANGDON, J.—This is a petition to review a decision of disbarment by the Board of Governors of The State Bar of California.

The record discloses that petitioner was charged with improper conduct in five distinct transactions, referred to in the proceedings as the Carl Smith transaction, the Hohenstein transaction, the Timbrell transaction, the Shewbridge transaction and the Prince transaction. Evidence was heard upon all of these charges, and the local administrative committee found against the petitioner upon each of these charges and recommended his disbarment. At the hearing before the Board of Governors, counsel for petitioner urged as an objection to the findings and recommendation of the said local administrative committee that a quorum of the members of the committee that joined in the report did not participate in all of the hearings of the committee. The Board of Governors found that no such objection was made by petitioner at the time of the hearings before the said committee or at any of them and that no injustice or prejudice was suffered by petitioner by reason of the irregularities mentioned. However, in deference to petitioner's contention, the judgment of disbarment was based upon the findings with reference to the Hohenstein transaction and the Prince transaction, and it was found that upon the hearings with reference to these transactions a quorum consisting of the same members of said committee was present at and participated in all the hearings thereon and joined in the findings and report in relation thereto, and that the misconduct of the accused in relation to said transactions, irrespective of any misconduct in relation to the other transactions, justifies and necessitates a judgment of disbarment.

While the foregoing action of the Board of Governors satisfactorily disposes of the objection of petitioner, there is another reason why it is of no controlling force in this proceeding. This court is not bound by the findings or recommendations made by the local administrative committee, nor their adoption by the Board of Governors, and will examine the record anew to ascertain whether or not any charge has been proven against petitioner which merits disbarment.

 We have carefully read the transcript of the testimony and find with reference to the Prince transaction that

it is admitted that the petitioner signed the name of Harry Prince to a note and deed of trust and to a release of homestead without the knowledge and consent of said Harry Prince, and that by so doing he secured for his own use the proceeds of a second mortgage upon community property of Harry Prince and his wife, Ruth Prince. It is true there is some conflict in the testimony as to the circumstances leading up to this action by petitioner, and it is his contention that because of a close relationship between himself and Ruth Prince, his niece, and because of her knowledge and consent, he felt justified in signing Harry Prince's name to these documents without authorization. Ruth Prince denies that she ever gave her consent, but we think this is immaterial. Her consent would not validate or justify the acts of petitioner, and we think the testimony in the record regarding this transaction, and all the facts and circumstances surrounding it, warrant and necessitate the disbarment of petitioner.

It is ordered that the name of petitioner be stricken from the roll of attorneys and counselors of the court and that he be debarred from practicing as such attorney and counselor in any of the courts of the state.

Shenk, J., Richards, J., Seawell, J., Preston, J., and Curtis, J., concurred.

Rehearing denied.