[L. A. No. 11392. In Bank.—May 28, 1930.]

WELDON J. BAILEY, Petitioner, v. STATE BAR OF CALIFORNIA, Respondent.

John W. Ray for Petitioner.

Julius V. Patrosso for Respondent.

THE COURT.—This proceeding was instituted for the purpose of reviewing the action of the Board of Governors of The State Bar of California in recommending the disbarment of petitioner as an attorney and counsellor at law in this state. The record of the entire proceedings before the Board of Governors and the local administrative committee, to whom the accusations against petitioner were referred, is before us, and we have carefully read and examined the same. We are satisfied that the findings of the local administrative committee upon which the Board of Governors based its recommendation of disbarment not only finds ample support in the evidence presented before said committee, but that no other conclusion could be reasonably drawn from said evidence than that set forth in the findings of said committee.

478

This record shows that petitioner under the name of Wendell Bailey was fined for contempt of court for practicing law without a license by the Supreme Court of the state of Montana on the first day of March, 1915 (*In re Bailey,* 50 Mont. 365 [Ann. Cas. 1917B, 1198, 146 Pac. 1101]; that petitioner under the name of Gordon W. Bailey was disbarred from the practice of law by a judgment of the Supreme Court of the state of Nevada on the fifteenth day of December, 1916 (*In re Bailey,* 40 Nev. 139 [161 Pac. 512]; that he was also disbarred from the practice of law in the state of Arizona by the Supreme Court of that state on the fourteenth day of November, 1927 (*In re Bailey,* 31 Ariz. 407 [254 Pac. 481]). Each of said judgments of disbarment was based upon charges of unprofessional and unethical conduct.

The record further shows that petitioner made application to practice before the courts of this state in September, 1916, upon a certificate to practice law issued by the Supreme Court of the state of Alabama; that he failed to inform the court before whom said application was filed of the action of the Supreme Court of Montana finding him guilty of contempt of court for practicing law in said state without a license; that he also failed to inform said court of the proceedings then pending against him before the Supreme Court of Nevada, which proceedings finally resulted in his disbarment by said Supreme Court as recited above.

Said record further shows that petitioner, after his admission to practice before the courts of this state, accepted a fee from V. H. Tisdale for the purpose of appealing an action to which said Tisdale was a party, and that at the time he accepted said fee the time in which said action could be appealed had elapsed, and that petitioner knew at the time of accepting said fee that the time within which said action could be appealed had fully expired. It is also shown by the record that after Tisdale discovered that no appeal could be taken in said action and demanded a refund of said fee, the petitioner refused to refund the money paid to him as a fee by the said Tisdale.

Petitioner appeared before said local administrative committee as a witness and attempted to explain the transactions out of which grew said contempt proceedings and the two disbarment actions, as well as his dealings with Tisdale, and

to excuse himself from all culpability in each and every one of said transactions, but the explanation and excuses on the part of the petitioner are so weak and unsatisfactory, and in many instances directly contrary to the facts found and recited in the opinions of the various courts rendering the adverse judgments above mentioned, that they are entitled to very slight, if any, weight. Surely we cannot be expected to accept petitioner's bare statements as to his conduct when they appear unreasonable and inaccurate in the light of other proven facts and circumstances in the case, and when in many instances they are directly contradicted by the statements of facts set forth in the reported cases wherein the conduct of petitioner was the chief subject under consideration. It would serve no useful purpose to review the evidence in detail as the same is set forth in the record before us. It would simply make public another chapter in the story of petitioner's shortcomings and delinquencies as the same have been written into the reports of the highest courts of the states of Montana, Nevada and Arizona. The report of the local administrative committee to the Board of Governors of The State Bar presents a complete and sufficiently exhaustive review of the evidence upon which said committee based its findings in this matter. We are in entire accord with the reasoning and conclusions set forth in this report, and should any of the parties interested in this proceeding desire any further enlightenment as to the views of this court regarding the evidence in this proceeding, we would most respectfully refer them to said report now on file in this court.

Petitioner has raised certain questions relative to the constitutionality of the State Bar Act (Stats. 1927, p. 38). All of these questions have been previously before this court and have been passed upon adversely to the contention of the petitioner. (*In re Shattuck,* 208 Cal. 6 [279 Pac. 998]; *In re Petersen,* 208 Cal. 42 [280 Pac. 124]; *In re Winne,* 208 Cal. 35 [280 Pac. 113].)

We, therefore, for the reasons above stated, approve the recommendation of the Board of Governors of The State Bar and upon said recommendation it is hereby ordered that Weldon Jefferson Bailey be and he is hereby disbarred from the further practice of law in the state as an attorney

and counsellor at law, and that his name be and it is hereby stricken from the roll of attorneys and counsellors at law of the state of California.