[L. A. No. 14006. In Bank.—August 30, 1933.]

WILLIAM C. RING, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

William C. Ring, *in pro. per.*, for Petitioner.

Philbrick McCoy, William C. Mathes and A. B. Bianchi for Respondent.

THE COURT.—This is a proceeding to review the recommendation of the Board of Governors of The State Bar that the petitioner be suspended from practice as an attorney at law for a period of two and one-half years.

The recommendation of the board was based on evidence adduced before the local administrative committee bearing upon five consolidated charges initiated by four complaints filed by, and verified by an officer of, the Los Angeles Bar Association, and by an order to show cause based on a fifth complaint filed and verified by former clients of the petitioner. These complaints involved charges of violations of rules 3 and 9 of the Rules of Professional Conduct and subdivisions 4 and 5 of section 287 of the Code of Civil Procedure. The local committee recommended disbarment, which the board reduced to suspension for the period stated.

The petitioner contends that the complaints were insufficiently verified, first because the verification was made by an officer of the complainant Los Angeles Bar Association, and secondly because the verifications were made on information and belief although the allegations of the complaint are based on the complainant's knowledge. These contentions are answered contrary to the petitioner's contentions by the cases of *In re Collins,* 147 Cal. 8, 10 [81 Pac. 220], and *Lantz* v. *The State Bar,* 212 Cal. 213, 221, 222 [298 Pac. 407]. (See, also, *Herron* v. *The State Bar,* 212 Cal. 196 [298 Pac. 474].)

The only other matter for consideration is the petitioner's contention that the evidence is insufficient to sustain the findings of the Board of Governors. The petitioner does not

in every instance dispute that the events occurred or the acts were committed from which the board has drawn inferences and deductions unfavorable to the petitioner. What the petitioner does contend is that the board should have believed only the testimony of the petitioner on the conflicting evidence and adopted the petitioner's view of the correct deductions to be drawn from undisputed facts; also that the board should have accepted the extenuating circumstances offered by the petitioner in complete exoneration of his conduct.

▉ The petitioner makes the oft-reiterated claim that the proceedings before the board are criminal in nature and that the attorney is entitled to the same rights as a defendant in a criminal action to have all intendments in favor of his innocence. The special nature of these proceedings has many times been mentioned (*Fish* v. *The State Bar*, 214 Cal. 215 [4 Pac. (2d) 937, 78 A. L. R. 585], and cases cited), and with respect to the presumption of innocence "the answer is that the qualified judges who are by law charged with the duty of passing upon the truth of the charges against petitioner have resolved all questions against him". (*Aydelotte* v. *The State Bar*, 209 Cal. 737, 740 [290 Pac. 41, 42].)

▉ The petitioner apparently seriously contends that as a matter of law the board should have accepted at their face value certain documents introduced in evidence which the unlicensed persons, found to have been the associates of the petitioner, testified were a "blind" or "cover" for fee-splitting transactions had between them and the petitioner. The petitioner asserts that for the board to accept the testimony of the unlicensed persons is to violate the rule that parol evidence may not be introduced to vary the terms of a written instrument. We feel constrained to answer the argument because it is not the first time that it has been used by petitioners in similar review proceedings. A sufficient answer is that the proceeding herein is not one between the parties to the instrument and the provisions of sections 1856 and 1962 (2) of the Code of Civil Procedure do not apply. No rights of recovery upon the instrument are sought. The purpose of the contradictory testimony is not to vary the terms, but is to impeach the representations on the written documents. The truth of the matter must be resolved by the fact-finding body. In the specific instance

two receipts were signed by one of the unlicensed persons for sums received from the petitioner purporting to be in payment of services rendered for investigating and procuring statements of witnesses in two cases unconnected with any of the matters before the board. It was testified that the money was in fact received by the unlicensed persons as part of the fee received by the petitioner in the Conger matter which was under investigation in these proceedings. At the same time that the receipts were prepared and signed, at the request of the petitioner both the unlicensed persons signed a letter addressed to the petitioner in which the following paragraphs appear:

"We have never at any time received directly or indirectly, nor do we expect to receive any compensation, reward or thing of value from you on account of any case or litigation of any kind which you may have handled and in which we at any time ever had any interest.

"That to the best of our knowledge you became the attorney for C. E. Conger in the action of *Conger* v. *Knowles et al.*, before you knew that we had ever had any connection with said case and that we have never received nor do we expect to receive any remuneration from you on account of any connection which we have ever had with said matter."

The obvious inferences to be drawn from this entire transaction on its face, together with the testimony of witnesses and the inability of the petitioner to sustain the representations incorporated in the receipts by any evidence, abundantly support the findings of the board in respect to the real nature and purpose thereof.

The petitioner insists that this court can and does weigh the evidence in these proceedings. This fact does not free the petitioner from the burden devolving upon him to show that the decision of the board is erroneous or unlawful. (*Aydelotte* v. *The State Bar, supra*, p. 740.)

The petitioner has likewise failed to show that the evidence does not support the findings of the board with respect to the petitioner's association with the unlicensed persons in two additional personal injury cases.

The documentary evidence bearing on the remaining charges involving the commingling of funds and the petitioner's use of client's funds for his own purposes and to settle demands against him of other clients cannot be

disputed on the record presented. As to the two charges involving this evidence the petitioner offers the extenuating circumstance that the record also shows that the parties involved have received every cent to which they were entitled, although there was some considerable delay in the petitioner's ability to meet the demands in full and compliance therewith was not attempted until the matters had been taken to the district attorney's office or The State Bar. Domestic or other private embarrassments of the attorney in such matters cannot be accepted as extenuating circumstances, at least to the extent of absolving the petitioner from discipline on the record here presented.

The petitioner received a full and fair trial on the part of the local administrative committee and by the Board of Governors. The record supports the findings and recommendation.

It is therefore ordered that the petitioner be suspended from practice as an attorney at law of this state for the period of two and one-half years from and after the filing of this order.