Rehearing denied.

[L. A. No. 15140. In Bank.—August 1, 1935.]

WILLIAM C. RING, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

William C. Ring, *in pro. per.*, and Irving B. Drachlis for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—This is a review of a recommendation of disbarment. Petitioner was charged with culpable negligence and misappropriation of funds in connection with the handling of the estate of the deceased wife of John Cowan. The evidence shows that he was employed in 1927, and received advances for costs and fees in the sum of $1250, of which $153.48 went for costs. About five years later, in February, 1932, another attorney was substituted in his place, in order to close the estate. The record discloses very few services performed by petitioner beyond the preliminary steps of administration. Thus, no inventory and appraisement was ever filed by him. It also appears that a bond premium in the sum of $100 was paid yearly by petitioner's client, as executor of the estate, during all of the years that administration was delayed. The statutory fee to which petitioner would have been entitled for handling the estate was $735. The rest of the money advanced to him he claimed for extraordinary services.

The proceedings against petitioner were commenced by an order to show cause. Petitioner did not appear at the hearing before the local administrative committee or before the board of governors. He claims that he never received notice of these various hearings, although the record shows due service of the original order to show cause. However, he contends that by reason of his absence from these hearings, his defense was never presented and that had he been in a position to do so, he could have shown performance of services sufficient to justify the fees collected.

At the time these proceedings were brought against petitioner, he was already under a suspension for two and

one-half years, by order of this court, for several acts of misconduct. (*Ring* v. *State Bar*, 218 Cal. 747 [24 Pac. (2d) 821].) The misconduct charged in the present proceeding took place during approximately the same period as the acts for which he is already being disciplined. It is further stated that for several years past petitioner has been gravely ill, and for a large part of the time was confined to the Veterans' Hospital.

The period of petitioner's present suspension will not be completed until the end of January, 1936. Upon consideration of all of the circumstances, we are of the opinion that a further suspension, rather than the extreme penalty of disbarment, should be imposed.

It is therefore ordered that the petitioner be suspended from practice as an attorney at law of this state for the period of one year from and after the filing of this order.

Rehearing denied.