IN THE MATTER OF NUBAR WRIGHT,
ATTORNEY AT LAW

No. 3617

June 1, 1951.                    232 P.2d 398.

*Ralli & Rudiak,* of Las Vegas, for Petitioner.

*L. O. Hawkins* and *Harvey Dickerson,* both of Las Vegas, for Nevada State Bar.

## OPINION

By the Court, WINES, District Judge:

This matter was initiated against the petitioner, a duly licensed and practicing attorney at Las Vegas,

Nevada, by the filing of a complaint with the administrative committee of the State Bar, in and for the counties of Lincoln and Clark, on December 31, 1948. The complaint is in the form prescribed by the rules of procedure of the State Bar of Nevada, and charges the petitioner with two offenses. See rule XI et seq. of rules of procedure of the state bar, Nev. State Bar Journal, vol. 12, No. 4, p. 211. Both of the offenses charged involve violations of rule III of the rules of professional conduct of the State Bar of Nevada. Id. p. 238.[1]

The matter comes to this court in the usual manner. Following a hearing at Las Vegas, Nevada, before the local administrative committee and the filing of findings and a report adverse to him, recommending disbarment, the petitioner applied for a hearing de novo before the board of governors of the state bar. At the time of the hearing before the board the accused appeared and withdrew his application for a hearing de novo, and submitted the matter after argument. The findings and recommendations of the board were adverse to him on one charge, and recommended suspension for six months, and he has petitioned this court for a review.

In order to avoid confusion and distinguish the offenses charged, we now designate the first charge as first count, and further characterize the same as being that which charges a specific act of misconduct, whereas what we shall hereafter refer to as the second count alleges generally that numerous similar acts involving unnamed persons occurred prior to November 29, 1948, the date of the offense described in count one.

We note here too, in regard to the second count, that the board of governors apparently ordered that it be dismissed after the hearing before the board. This

---

[1]"A member of the State Bar shall not employ another to solicit or obtain, or remunerate another for soliciting or obtaining, professional employment for him; nor shall he directly or indirectly share with an unlicensed person compensation arising out of or incidental to professional employment; * * *"

fact does not appear from the record of the proceedings before the board, as it manifestly should, but this fact is first referred to in the petition for review addressed to this court, and it is conceded to be a fact by the bar in its answer to the petition. We therefore consider this as an established fact, and shall confine our review to the first count. We entirely approve of the order dismissing the second count, since it appears that the count charges numerous unrelated offenses which have not been separately stated, and that there is insufficient competent evidence to prove any offense.

The sense of the term "review," as used in our state bar act (Stats. 1928, 13) was settled soon after the enactment of that statute. In re Scott, 53 Nev. 24, 292 P. 191. This court there held that the review by the court, as referred to in the act, contemplated an examination of the entire record anew to ascertain whether any charge meriting disbarment or suspension had been proved, and that in such review the court was not bound by findings or recommendations of a local administrative committee nor by the adoption thereof by the board of governors. The authority for such holding was given as In re Stafford, 208 Cal. 738, 284 P. 670; In re Shattuck, 208 Cal. 6, 279 P. 998; McVicar v. State Board of Law Examiners (D. C.), 6 Fed.2d 33. See also Fish v. State Bar, 214 Cal. 215, 4 P.2d 937; Herron v. State Bar, 212 Cal. 196, 298 P. 474; Furman v. State Bar, 12 Cal.2d 212, 83 P.2d 12.

The findings and recommendations of the board are persuasive, so that an applicant for a review in this court must set out in his petition sufficient averments to make out a prima-facie case, and the burden is on such petitioner to show wherein the decision of the board is erroneous or unlawful. Light v. State Bar, 14 Cal.2d 328, 94 P.2d 35; In re Winne, 208 Cal. 35, 280 P. 113; Copren v. State Bar, 25 Cal.2d 129, 152 P.2d 729; Ring v. State Bar, 218 Cal. 747, 24 P.2d 821;

Werner v. State Bar, 24 Cal.2d 611, 150 P.2d 892. This rule that the petitioner carries the burden in this court is not intended to, and does not as a matter of fact enlarge upon the board's power.

We have deemed it necessary to reiterate these rules and thus fix the authority and functions of this court, the board and the local committee, because in this matter evidence taken by the local committee on the first count, which is the same as that reported here, is to some extent either incompetent, immaterial or of doubtful persuasion. There is proof that is competent, and we will discuss that hereafter, but our immediate concern is with this court's function in such a situation.

In view of the authorities we have just quoted, it seems plain that the jurisdiction of this court in these matters, as distinguished from its appellate jurisdiction extends to passing upon the evidence, weighing its effect and sufficiency. The fact that the board or local committee may have admitted and given credence to incompetent proof, or weight to proof of questionable materiality, is not determinative of the question involved in this proceeding. In justice to the board it should be stated that there is nothing in the record to indicate that it accorded any weight or effect to the incompetent proof or questionable evidence which the local committee improperly admitted over the petitioner's repeated objections. The refusal of the board to find on count two indicates its refusal to consider such proof. This court can, and always does, pass upon the competency of the evidence in these cases, as well as the weight to be given it. Furman v. State Bar, supra.

After eliminating from our consideration the evidence that we find incompetent, and assigning to the remainder the weight and effect it merits, we find that the competent evidence in this case clearly establishes that the petitioner on the date mentioned agreed to, and did share with a person who was not licensed to practice law a retainer paid to the petitioner by a client, who was

brought to petitioner's office by such unlicensed person, on the condition that the petitioner would share the fee with him. In re Davidson, 64 Nev. 514, 186 P.2d 354.

We refrain from an extended discussion of that evidence we consider competent, but we are satisfied that it meets the requirements of the common-law rules of evidence, and that the petitioner had opportunity to and did cross-examine all those witnesses whose testimony was competent and tended to establish the facts alleged in the charge. We are aware, too, that a higher degree of proof is required in a disciplinary matter than is required to determine questions of fact in an ordinary civil action or proceeding, but after careful study we are convinced that the proof in this instance meets that test. Copren v. State Bar, 64 Nev. 364, 183 P.2d 833, 173 A.L.R. 284.

Nor is the effect of the proof blighted by a showing of entrapment. Entrapment is the seduction or improper inducement to commit a crime for the purpose of instituting a criminal prosecution, but if a person in good faith and for the purpose of detecting or discovering a crime or offense, furnishes the opportunity for the commission thereof by one who has the requisite criminal intent, it is not entrapment. In re Davidson, supra.

The petition contains a number of other averments of error which petitioner insists renders the decision of the board erroneous or unlawful.

It is averred that the decision of the local committee was unlawful and in excess of jurisdiction because an order was entered by the committee that the petitioner be disbarred on both counts. See rule I of rules of professional conduct of the state bar.[2] The authorities submitted by the petitioner in support of his proposition more properly relate to courts rather than to an administrative agency of this court, and in these matters

[2] "* * * the willful breach of any of these rules shall be punishable by suspension from the practice of law for a period not to exceed one year."

the orders of the administrative committee do not effect the disbarment or suspension of an attorney. The decision and order of the board and of the local committees are, as we have said, recommendations to this court and do not operate to deprive an attorney of his privilege of practicing law. In re Scott, supra. A petitioner will not be heard to complain of that which does not injure him.

The fact that two members of the local committee resigned just prior to the hearing before the committee, and were replaced by two members of the bar nominated by the complainant, who is a member of the board of governors representing that district, it is averred vitiates the proceedings.

It has already been held, however, that the state bar act is not void because it authorizes a member of the local administrative committee, or member of the board of governors to prefer charges against an attorney and then sit as a member of the board or committee for consideration of the charges so preferred. In re Scott, supra. The explanation lies, of course, in the fact that the board and committees are administrative agencies of the court, their findings are not binding and their orders are nothing more than recommendations to this court.

It is averred that the proceedings before the local committee are void because, in violation of rule XXVI of the rules of procedure of the state bar, the hearing of the matter was postponed for a period exceeding thirty days, and for periods aggregating more than ninety days, without the approval of one of the governors of the state bar, from the district in which the proceeding was pending, or without the approval of the president or vice-president of the state bar. If, as the petitioner contends, the purpose of this rule is to assure an accused of a speedy hearing, and we believe the petitioner's interpretation of the rule is correct, he cannot complain

because the hearing was delayed in order that issues raised by him could be disposed of by the board. Nor are we able to see how the expense of maintaining two nonresident witnesses for a period of a few days at Las Vegas, Nevada, can be attributed to such a delay. See Cal.Jur. Ten Year Supp. vol. 9, p. 567.

Finally it is argued that a denial by the board of petitioner's application for a change of venue, on the ground that he did not and could not obtain a fair hearing before the committee in and for the district in which he practices, invalidates the proceedings.

The petitioner in his affidavit avers that the members of the bar, in the bar district in which he practices, are jealous of the success he has enjoyed as a specialist in the law of domestic relations, and are hostile towards him because he is of foreign birth; that on the other hand he enjoys the goodwill of many important lay persons in the community in which he practices, and certain other members of the bar. It is manifest, however, that what petitioner must establish, if he is to come under the provisions of sec. 10913 or sec. 8572, N.C.L. 1929, is that the hostility and jealousy actually exist and that this feeling toward him would or did actually affect the outcome of the hearing, and not what he believes the members of the bar felt toward him. Nor are isolated instances of expressed hostility sufficient to make out a case.

So many of the facts in petitioner's affidavit, in support of his motion for change of venue, point so directly to bias and prejudice on the part of at least one member of the local committee, that we feel constrained to point out that it is not permissible to accomplish by a motion for change of venue, a disqualification on grounds not recognized by the rule and the statute. See rules X and XI, rules of procedure of the state bar.[3]

---

[3] Rule X permits a challenge of a member of the committee for such cause as is a statutory disqualification of a judge under sec. 8407 N.C.L. (interest in the proceeding, relationship to either party or his attorney, or prior status as attorney for either party in the

We do not intend saying that a change of venue cannot be had on the ground that there is reason to believe that an impartial hearing cannot be had in any particular district, but we cannot say from the record before us that the board's denial of petitioner's application for a change of venue was erroneous.

For the reasons given, it is ordered that the petitioner be, and is hereby suspended from the practice of law for a period of six months; said six months' period to commence ten days from the entry of this order.

BADT, C. J., and EATHER, J., concur.

MERRILL, J., being disqualified by reason of his having acted as a member of the board of governors in this proceeding, the governor commissioned Honorable TAYLOR H. WINES, Judge of the Fourth Judicial District, to sit in his place.

proceeding). Rule XI provides for hearing in the county of the accused's residence, with power in the board of governors to transfer the hearing to a committee in another county.