RUEBEN MARK MOORE AND MICHAEL EUGENE PAPPAS, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 9561

December 22, 1977                    572 P.2d 216

*Horace R. Goff,* Public Defender, and *J. Thomas Susich,* Chief Deputy, Carson City, for Appellants.

*Robert List,* Attorney General, Carson City, and *Robert C. Manley,* District Attorney, Elko, for Respondent.

# OPINION

*Per Curiam:*

Convicted of selling a controlled substance, appellants contend the trial court erroneously instructed the jury concerning their defense of entrapment.

Although the evidence indicates appellants procured a small quantity of marijuana, and delivered it to a narcotics officer in exchange for $205, on the facts it is arguable that they did so as the officer's agent. *See* Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971). It also is arguable that appellants were unlawfully entrapped. *See* In re Wright, 68 Nev. 324, 232 P.2d 398 (1951). The trial court correctly instructed the jury on the procuring agent defense recognized by our *Roy* opinion and numerous federal decisions cited therein. However, the court refused to instruct on the law of entrapment, as set forth in our *Wright* decision. Instead, the court gave an entrapment instruction of unidentified origin, requested by the prosecutor. Appellants' proposed instruction, offered in accord with *Wright,* would have advised the jury:

> Entrapment is the seduction or improper inducement to commit a crime for the purpose of instituting a criminal prosecution, but if a person in good faith and for the purpose of detecting or discovering a crime or offense, furnishes the opportunity for the commission thereof by one who has the requisite criminal intent, it is not entrapment.

*See* In re Wright, 68 Nev. at 329, 232 P.2d at 400.

As appellants' counsel notes, in State v. Busscher, 81 Nev. 587, 407 P.2d 715 (1965), this court approved the *Wright* definition and went on to say: ". . . if the criminal intent originates in the mind of the defendant, *without urging or persuasion* by the decoy, entrapment does not exist. (Citations omitted)." 81 Nev. at 590, 407 P.2d at 716; emphasis supplied. Notwithstanding this, however, the prosecutor induced the trial judge to give an instruction containing language

emphasizing that an officer may encourage the commission of crime to detect or discover it.[1]

In his answering brief, the prosecutor acknowledges that the entrapment instruction proffered by appellant comported with this court's prior decisions. The prosecutor also seems to acknowledge that the instruction he induced the trial court to give did not comport with those decisions, but "was somewhat longer and more detailed."

Although the prosecutor urges that giving the "longer and more detailed" instruction was not error, he offers absolutely no argument, legal or logical, to support this position. No authority whatever has been cited to justify refusal to instruct according to the declared law of this state, and the giving of a different instruction. On this critical point, the prosecutor in effect filed no brief at all. Thus, in these circumstances, we treat the prosecutor's failure to brief the issue of entrapment as a confession of error. *See* NRAP 31(c); Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976); Fitzpatrick v. Floriano, 92 Nev. 18, 544 P.2d 895 (1976).

We therefore reverse and remand for a new trial, at which the entrapment issues shall be decided on instructions consistent with this court's prior decisions, heretofore mentioned. Inasmuch as other claimed errors will not necessarily recur, we do not reach those issues.

---

[1]The given instruction number 13 reads as follows:

"Entrapment is seduction or improper inducement to commit a crime for purpose of instituting criminal prosecution. If from the evidence you believe that the criminal design originated with the officers or their agent, and by enticement either Defendant or both Defendants were persuaded to commit a crime or crimes of this nature which otherwise he or they would not have done, then either Defendant or both Defendants are entitled to a verdict of not guilty, even though you should believe that either Defendant or both Defendants did in fact commit the acts as alleged by the State. However, if you believe that the officers and their agent, in good faith and solely for the purpose of detecting or discovering crime or offenses, furnished an opportunity (or *aided or encouraged its commission* by either Defendant or both Defendants,) and that either Defendant or both Defendants had the requisite criminal intent to commit the crime, then there is no entrapment." Emphasis added.

From our independent research, we note similar language appears, but in a different context, in a recognized California Jury Instruction. *See* CALJIC 4.61 (1974 Edition).