## CALVIN SWOPE ROWE, Appellant, v. STATE OF NEVADA, Respondent.

No. 8201

December 5, 1975          542 P.2d 1059

*Rodlin H. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

*Per Curiam:*

An undercover agent of the Washoe County Sheriff's Office paid Rowe $125 in exchange for 8 baggies of marijuana and 5 baggies of amphetamines. As soon as the money and contraband had been exchanged, Rowe was arrested. He was subsequently convicted, by jury verdict, of 2 counts of sale of a controlled substance. NRS 453.321.

Appellant here contends: (1) The prosecution failed to prove his awareness of the "narcotic" nature of the substances sold, and (2) the prosecution failed to prove the marijuana involved in the sale was a type prohibited by statute. Both contentions are without merit.

1. Appellant's knowledge of the "narcotic" nature of the controlled substances is a necessary element of the offenses charged. Fox v. State, 87 Nev. 591, 491 P.2d 721 (1971); Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970). The requisite knowledge may be shown by circumstantial evidence and reasonably drawn inferences. Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969). Here, the actual transfer of the contraband was between appellant and a police informant who did not testify. However, the arresting officer observed the transfer and so testified. The officer also discussed the price with appellant and paid him the requested sum. We believe these circumstances were sufficient for the jury to infer the requisite knowledge. Cf. Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967).

2. Appellant's second contention is equally without merit. NRS 453.096(1)(a) defines marijuana as "[a]ll parts of the plant Cannabis sativa L. . . ." On cross-examination, the chemist so identified the marijuana in question.

Affirmed.