[No. 1878]

# THE STATE OF NEVADA, RESPONDENT, v. JESSE C. VERTREES, APPELLANT

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—ACTS SHOWING INTENT.

    In a prosecution for maliciously threatening injury to the person with intent to extort money, evidence of similar offenses committed about the same time are admissible to show intent.

2. CRIMINAL LAW—EVIDENCE—ACTS AND DECLARATIONS OF CONSPIRATORS AND CODEFENDANTS—CONSPIRACY.

    Where a man and wife were jointly tried for threatening to commit personal injury with intent to extort money, and the evidence tends to show that the wife was an accessory before the fact, acts and declarations made by her in the consummation of the unlawful act are admissible against the husband.

3. CRIMINAL LAW—APPEAL AND ERROR—RECORD—MATTERS TO BE SHOWN—NECESSITY.

    Where the bill of exceptions does not contain in full the motion of the defendant to strike out certain remarks of the prosecuting attorney, nor the ruling of the court nor the evidence in the case, the refusal of the motion cannot be considered as reversible error.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers*, Judge.

Jesse C. Vertrees was convicted of maliciously threatening an injury with intent to extort money, and he appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*T. L. Foley*, for Appellant.

*R. C. Stoddard*, Attorney-General, for Respondent

*Per Curiam:*

The defendant was jointly indicted with Annie May Vertrees, his wife, for the crime of maliciously threatening an injury to the person of one Charles Dahlstrom with intent thereby to extort the sum of $50 from the said Dahlstrom. The appellant was granted a separate trial, was convicted of the crime charged, and sentenced to be confined in the county jail of Esmeralda County for

the term of one year and to pay a fine of $500.    From the judgment of conviction and from an order denying his motion for a new trial, the defendant has appealed.

Error is assigned in the admission of certain testimony tending to establish other similar offenses committed about the same time as the offense charged in the indictment.    In this character of cases where intent is the gist of the action, evidence of similar offenses is admissible for the purpose of establishing criminal intent, and the ruling of the court in this respect was not error.    (Rice on Evidence, vol. 3, sec. 155, p. 216; *Crum* v. *State*, 148 Ind. 401, 47 N. E. 833; *People* v. *Cook*, 148 Cal. 334, 83 Pac. 43; *State* v. *McMahon*, 17 Nev. 365; *State* v. *Roberts*, 28 Nev. 374.)

Error is assigned in admitting in evidence the testimony of a witness relative to the conduct and statements of the said Annie May Vertrees.    It was the theory of the state, and the evidence tended to establish the fact, that the said Annie May Vertrees was an accessory before the fact, and upon this theory her acts and declarations in the consummation of the unlawful design were competent to go to the jury.    (*State* v. *Ward*, 19 Nev. 308.)

Error is assigned in the overruling of the motion of defendant's counsel to strike out certain remarks made by the assistant district attorney in his closing argument to the jury and to admonish the jury to disregard such statement.    The bill of exceptions does not contain in full the motion of counsel for defendant or the ruling of the court, nor does it contain in full all of the evidence of the case.    In the absence of these facts we cannot state that the remarks were so prejudicial as to constitute reversible error.

We have had occasion frequently to consider alleged improper remarks of prosecuting attorneys, and have had occasion to reverse cases for conduct upon the part of such prosecuting officers prejudicial to the rights of the defendant.

Counsel for the state owe a duty to be just and fair to the defendant, and when in their zeal they so overstep

the bounds of propriety as to make it appear that the defendant's case has been prejudiced by their actions, a reversal must follow.    (*State* v. *Rodriquez,* 31 Nev. 342.)

Counsel assigns error in the giving of a number of instructions by the court of its own motion.    These instructions do not appear to have been excepted to and hence are not before us for consideration.

No reversible error appearing, the judgment is affirmed.