ALLEN CALVIN WALLACE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4289

March 2, 1961          359 P.2d 749

*Murray Posin,* of Las Vegas, for Appellant.

*Roger D. Foley,* Attorney General, and *John F. Mendoza,* District Attorney, Clark County, and *Charles L. Garner,* Deputy District Attorney, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Appellant was charged in an information with the offense of feloniously possessing and having under his control on May 20, 1958 narcotic drugs, to wit, cannabis (marijuana). A jury found him guilty as charged and the court rendered its judgment sentencing him to imprisonment for a term of not less than two years nor more than five years, and, in addition, he was ordered to pay a fine of $2,000.

Appeal is from such judgment.

The sole error specified is that the lower court permitted testimony relative to a prior arrest of the appellant which was unrelated to the commission of the act charged in the information.

After the prosecution had rested, appellant took the stand on his own behalf and testified that neither on May 20, 1958 nor at any other time did he have any marijuana in his possession or under his control. He was asked by his counsel about the Golf Manor Apartments and he stated that he had lived there for a period

of time and that he had never knowingly had any possession of marijuana. On cross-examination he stated that he had never seen marijuana. Thereafter, the prosecution called Detective Smith of the sheriff's office who testified that on May 27, 1957 he had conducted a search of appellant's apartment in the Golf Manor Apartments. When asked what he found there, Smith stated: "We found two white paper hand-rolled cigarettes which were later established to be marijuana."

Appellant's counsel immediately moved for a mistrial and for a withdrawal of the jury. The motion for mistrial was denied and the prosecution was ordered to proceed with the examination of Smith who then testified that he placed appellant under arrest for possession of narcotics and that subsequently the case was dismissed. During his cross-examination by appellant's counsel relating to the May 27, 1957 arrest, Smith testified that he had had appellant's apartment under surveillance; that after he saw appellant go into the apartment he, himself, went to the apartment; that when appellant answered the door, he entered the apartment, searched it, and found a green, leafy material in a paper towel roll which later was identified as marijuana.

Aside from the said motion for mistrial no further objection was made to the aforesaid testimony.

It is a general rule that on a trial of a person accused of a crime proof of a distinct, independent offense is inadmissible. The rule is subject to certain exceptions, one of which is that evidence of other crimes is competent to prove the specific crime charged when it tends to establish intent. Nester v. State of Nevada, 75 Nev. 41, 334 P.2d 524.

Under a statute making it unlawful for any person to possess a narcotic drug except as authorized, an essential element of the offense is knowledge of the narcotic character of the object possessed. People v. Winston, 46 Cal.2d 151, 293 P.2d 40; People v. Hancock, 156 Cal.App.2d 305, 319 P.2d 731.

Inasmuch as the appellant in his own behalf had testified that he had never seen marijuana nor had had it in his possession or under his control, it was not error for the court to permit contradiction of such testimony by a third party. Such evidence was material to the issues because it related to an essential element of the crime, to wit, the intent to possess an object known to be contraband.

The fact that this evidence revealed appellant's prior arrest for a matter independent and distinct from that for which he was being tried was merely incidental. McLaughlin v. State, 18 Okla.Cr. 627, 197 P. 717.

In People v. Toms, 163 Cal.App.2d 123, 329 P.2d 90, 93, testimony by an officer that the defendant had previously been arrested for possession of narcotics was held to be admissible to show guilty knowledge of the narcotic character of the article possessed. Following such testimony appellant made a motion for mistrial. The motion was denied. The appellate court there said: "* * * evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged. * * * In the instant case the presence or absence of such knowledge was a material fact and the testimony was properly admitted to show guilty knowledge on the part of appellant Moore."

It was incumbent upon appellant, if he so desired, to request a jury instruction as to the limited purpose for which such evidence was admitted. This he did not do, and he made no objection to any instructions given or refused.

Since the testimony of Detective Smith properly was received in evidence, it was not error for the district attorney to comment on the same in his final argument to the jury.

Judgment affirmed.

BADT, C. J., and PIKE, J., concur.