JESS L. MAYER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6080

June 10, 1970                                        470 P.2d 420

[Rehearing denied July 6, 1970]

*Seymour H. Patt,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Larry R. Hicks* and *Kathleen M. Wall,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Jess Mayer was convicted of selling narcotics to Sheila Summers, an undercover agent for the Reno police. At issue on this appeal is the state's utilization of evidence of marijuana that was not part of the sale but which was seized in Mayer's apartment after his arrest which took place on the street. When Mayer handed Sheila two lids of the narcotics she told him she was $5.00 short of the agreed price and he volunteered to wait until she had the full amount. His arrest was effected by three police officers who were waiting for Sheila's prearranged signal when the transfer took place.

Mayer consented to the police request to search his apartment. He complains now that the trial court erred in admitting the marijuana that was found in the apartment from that search because it constituted evidence of a crime separate and distinct from that for which he was on trial.

As another ground for appeal he complains that the prosecutor by cross-examining Mayer's character witness created

an erroneous impression before the jury that Mayer was an associate of two notorious persons in the community without establishing proof that this was so.

The question has not been properly preserved for our review. No objection was registered during the trial, no motion was made to strike the testimony, there was no request for a separate hearing on the issue nor was the court requested to instruct the jury to disregard the innuendos. We cannot consider the point as a proper assignment of error. Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970); Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969).

1. True, the narcotics found in the apartment constitutes the separate offense of possession but the pattern of the trial removes the objection from the rule that evidence of another offense is not admissible to the exception which allows such evidence when it tends to establish (1) motive (2) intent (3) absence of a mistake or accident (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person. Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967). Since the crime of selling narcotics requires proof of willfulness, possession of additional quantities of marijuana may establish intent and knowledge of its narcotic character. People v. Tabb, 289 P.2d 858 (Cal. App. 1955); People v. Sykes, 280 P.2d 769 (Cal. 1955); People v. Tisnado, 458 P.2d 957 (Ariz. 1969). Furthermore, Mayer having first denied having marijuana in his dwelling claiming instead that Sheila brought the two lids with her and that the police planted those and the additional marijuana within his apartment, placed her veracity in question. The discovery of the marijuana in his abode would, of course, help resolve the weight to be given her testimony. Also, prior possession goes to show intent. Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961); State v. Ballesteros, 413 P.2d 739 (Ariz. 1966); Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961); Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965).

The evidence was proper as that of a common scheme or plan for possession of such quantities as here would infer a preconceived program of selling that would tend to establish the commission of the crime charged. Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962). Such evidence is relevant in proving that the accused is a seller of narcotics. People v.

Loeper, 334 P.2d 93 (Cal.App. 1959); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); Overton v. State, supra; Wyatt v. State, supra.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.