MICHAEL HUGH DOUGHERTY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6077

June 22, 1970            471 P.2d 212

*David C. Polley,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *William P. Beko,* District Attorney, Nye County, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

A jury convicted Dougherty of possession of marijuana. At issue is whether reversible error occurred when the trial court declined to instruct the jury that knowledge of the narcotic character of marijuana is an element of the crime charged. Although the statute upon which the charge was based, NRS 453.030, and the preceding section, NRS 453.020, do not require such knowledge as an element, controlling case precedent does. Wallace v. State, 77 Nev. 123, 359 P.2d 749

(1961); Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967); Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969); Mayer v. State, 86 Nev. 466, 470 P.2d 420 (1970). An accurate instruction upon the basic elements of the offense charged is essential, and the failure to so instruct constitutes reversible error. Harvey v. State, 78 Nev. 417, 375 P.2d 225 (1962).

The respondent acknowledges our case law and asks that we overrule it and follow the statute. The judicial addition of a new element (knowledge of the narcotic character of marijuana) apparently was occasioned by the desire to allow the prosecutor to offer evidence of other narcotic offenses and thereby advance his goal of conviction. The cited cases each concern the admissibility of such evidence, and approve admissibility to show knowledge of narcotic character. With commendable candor, the prosecutor in this case suggests that such proof should not be received because of its prejudicial effect, and insists that it is probative of nothing since the possession statute does not require knowledge of the narcotic nature as an element of the offense. His argument is not without substance. However, we are not persuaded to accept it. In our judgment this problem is best handled at the trial level. We perceive no harm in the requirement that the state prove, as an element of the offense, the defendant's knowledge of the narcotic character of marijuana. This does not inevitably require proof of other offenses. In those cases where such proof is not needed, the trial court, in its discretion, should rule out that evidence since its prejudicial effect would outweigh probative value. Tucker v. State, 82 Nev. 127, 130, 412 P.2d 970 (1966). In cases where knowledge is not otherwise established, the evidence should be received, and the jury given an appropriate limiting instruction as to its purpose. Cf. Wallace v. State, supra, at 126.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.