# GREGORY M. LINDSAY, Appellant, v. STATE OF NEVADA, Respondent.

No. 5983

January 14, 1971            478 P.2d 1022

*Charles E. Springer,* of Reno, and *H. Dale Murphy,* Public Defender, Washoe County, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *William J. Raggio,* District Attorney, *Kathleen M. Wall,* and *Gary R. Silverman,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

A jury convicted Lindsay of the sale of marijuana to an undercover agent of the Reno Police Department. Substantial evidence supports the conviction, notwithstanding a conflict of testimony on material points. Of the several assigned errors, we find only one to possess merit and limit this opinion accordingly.

Over objection, the prosecutor was allowed to introduce evidence of two subsequent sales of marijuana by Lindsay to the same undercover agent. The basis upon which such evidence was offered and received is not clear from the record. Nevada follows the rule of exclusion concerning evidence of other offenses, unless such evidence is relevant to prove the commission of the crime charged with respect to motive,[1] intent,[2]

---

[1] State v. Cerfoglio, 46 Nev. 332, 205 P. 791 (1923).

[2] State v. Vertrees, 33 Nev. 509, 112 P. 42 (1910); State v. McMahon, 17 Nev. 365, 30 P. 1000 (1883); State v. Elges, 69 Nev. 330, 251 P.2d 590 (1952); Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961); Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961); Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965).

identity,[3] the absence of mistake or accident,[4] or a common scheme or plan.[5] Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966). And, where the charge is a narcotic offense, other prior similar offenses may sometimes be received to show the defendant's knowledge of the narcotic nature of the substance sold.[6]

As before noted, the record is not clear on what basis the evidence was offered and received. There is a hint that the prosecutor believed it admissible under the common scheme or plan exception to the exclusionary rule. If this was his belief, he was mistaken. Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959). Other than the mentioned hint, nothing appears to explain why the evidence was allowed. The court did not excuse the jury and first determine whether the probative value of the evidence outweighed its prejudicial impact upon the defendant. Cf. Nester v. State, supra; Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961). The jury was not instructed as to the limited purpose for which such evidence was received. Nester v. State, supra; Jones v. State, 85 Nev. 4, 448 P.2d 702 (1969); Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970). Absent an appropriate instruction, the jury was free to use that evidence in anyway it desired and may have done so. Even when all safeguards concerning the reception of such evidence are observed prejudice is present, but the evidence is sometimes received because of the judge's belief that its probative value is essential to the case. When those safeguards are ignored the prejudice well may be devastating.

Reversed.

ZENOFF, C. J., BATJER and MOWBRAY, JJ., and MANN, D. J., concur.

[3]State v. Roberts, 28 Nev. 350, 82 P. 100 (1905); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959).

[4]State v. McMahon, supra; Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965).

[5]Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967).

[6]Mayer v. State, 86 Nev. 466, 470 P.2d 420 (1970); Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967); Fairman v. State, supra; Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); Wallace v. State, supra. See also: Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970).