ANTHONY FOX, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6434

December 8, 1971                    491 P.2d 721

*Robert G. Legakes,* Public Defender, and *Jerrold J. Courtney,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, and *Roy A. Woofter,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Anthony Fox was convicted by a jury of the crime of selling narcotics. He now asks us to set aside this conviction because evidence of a previous crime was admitted at the trial. We find that this evidence was properly received by the trial court, and therefore affirm the judgment.

Carl Kaden, the witness who purchased the heroin from the appellant, was asked by the deputy district attorney, during the course of the trial: "Have you ever made a purchase of heroin before from Anthony Fox?" His answer was: "Yes." The defense at this point moved for a mistrial. The trial court denied the motion and admonished the jury by stating: "It's submitted for the limited purpose of showing the knowledge of the material that is the subject of the sale. For that limited purpose only. It's not to be considered by the jury as any commission of any previous, different or other crime." Before the jury retired for deliberation, the court instructed them that the evidence of the other sale was to be considered by them solely for the purpose of showing that the appellant had knowledge that the substance sold was a narcotic.

Appellant asserts that the prejudicial effect of this evidence, due to the strong public attitudes against drug users and pushers, far outweighed its probative value and that even the admonition and limiting instruction given by the court were not sufficient to assure a fair trial. In the context of this case we deny such contention.

It is the established law of this state that in a narcotics case the state must prove the defendant's knowledge of the substance as an element of the offense, and proof of other narcotics offenses is probative to show such knowledge. Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970); Mayer v. State, 86 Nev. 466, 470 P.2d 420 (1970); Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967); Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967); Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961). As we noted in Dougherty v. State, supra, there may be cases in which the state is able to show the defendant's knowledge of the narcotic nature of the substance without submitting evidence of other offenses. In those cases the court should not allow evidence of other offenses because its prejudicial effect would outweigh its probative value. However, in cases where the defendant's knowledge is not otherwise established, evidence of other offenses when offered should be received, and the jury given an appropriate limiting instruction as to its purpose. This is precisely what occurred in this case. The only evidence submitted during presentation of the respondent's case in chief which was probative of the appellant's knowledge of the narcotic nature of the substance sold was the evidence of the other offense testified to by the witness Carl Kaden. Because of that circumstance, the trial court properly received such evidence and instructed the jury as to its limited purpose.

In the event we had determined that the trial court erred in allowing Kaden's testimony as to a prior sale, such error was certainly harmless. As part of the defense the appellant testified at length regarding previous illicit narcotics transactions with Kaden, as a result of which the appellant claimed Kaden owed him money. The appellant told the jury, in essence, that on the day of the sale with which he was charged, he received $80 in marked money from Kaden for narcotics

previously delivered, not for any delivered that day. Kaden's testimony concerning the occurrence of a prior illicit transaction merely corroborated the appellant's rather novel defense.[1]

The appellant also contends, in addition to the above claim of error, that the evidence was insufficient to support the verdict. He asserts that the testimony of Carl Kaden was unreliable because he was an addict, lied about his job under oath and admitted using heroin on the day of the sale in question. The jury chose to believe Kaden and the police officer. They had the opportunity to observe all of the witnesses and attach the appropriate weight to their testimony. There is sufficient evidence in the record for this court to conclude that the triers of facts, acting reasonably, could find that the appellant was guilty of the crime charged. Collins v. State, 87 Nev. 436, 488 P.2d

---

[1] Questions of the appellant by his attorney upon direct examination:

"Q. Did you ever supply Carl Kaden, I'm not talking about January 3rd, but prior to that time, did you ever trade any narcotics with Carl Kaden?

"A. Yes, yes, because we did favors off and on. Through my acquaintance with Lonnie Champion.

"Q. So in other words, if he needed some you would give him some; is that right?

"A. Right.

"Q. And did he ever give you any?

"A. Yes, through purchases he made through different people then through Lonnie, understand me, the channels he went through to get the narcotics.

"Q. So that you obtained from him and he obtained from you whenever either of you needed or was short of if the other had any; is that right?

"A. Yes, something like that.

"Q. Now, did Carl owe you any money before January 3, 1969?

"A. Yes, sir; he owed me.

"Q. How much did he owe you?

"A. He owed me eighty-some dollars, I believe.

"Q. And how is it he owed you this money?

"A. Through fixes, because when we were fixing together and everything.

"Q. Through your supplying him and him supplying you, he ended up owing you eighty dollars; is that correct?

"A. Yes.

"Q. Did you very often loan each other pills?

"A. Yes, at times, when Carl was short, but most of the time because I was more fortunate than Carl was."

544 (1971); Graham v. State, 86 Nev. 290, 476 P.2d 1016 (1970).

Affirmed.

ZENOFF, C. J., MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.