WILLIE JUNIOR, Appellant, *v*. THE
STATE OF NEVADA, Respondent.

No. 6715

March 30, 1973                    507 P.2d 1037

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty,*
Assistant Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy
District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

The facts which give rise to this appeal occurred on November 29, 1969 in Las Vegas. Appellant, a 17-year-old juvenile, entered a service station with intent to commit robbery. He forcibly took a service revolver from a policeman who happened to be in the service station office and then went outside where he shot another policeman who was sitting in his patrol car.

After his arrest the state petitioned the Clark County District Court to have appellant certified to stand trial as an adult on three charges—attempted robbery, robbery and assault with intent to kill.

The court, after a contested certification hearing, entered its order certifying appellant to stand trial as an adult. Appellant does not challenge the certification preceedings. Instead, his contention is that there was reversible error when subsequent to his certification to stand trial as an adult, the charge of assault with intent to kill was elevated to the more serious charge of attempted murder. The former charge, under NRS 200.400, bears a maximum penalty of 10 years while appellant was convicted and sentenced to serve 20 years for attempted murder.

1.   Charging a juvenile offender with a crime more serious than that pending at the time of his certification is error. People v. Hoerle, 143 N.W.2d 593 (Mich. 1966). We held in A Minor v. Clark Co. Juvenile Ct. Servs., 87 Nev. 544, 490 P.2d 1248 (1971), that a petition for certification must adequately apprise the minor of the specific charges. As in that case Junior was not apprised of the statute under which he was ultimately to be tried and convicted.

2.   The trial court admitted the testimony of a Mrs. Smith concerning the robbery by two Negro males of her beauty salon which was ½ block away from the service station involved in this case and within 15 minutes of this crime. Both crimes were committed in similar fashion.

The testimony was received for the purpose of establishing the identity of the defendant, and is admissible as an exception to the rule prohibiting evidence of a separate and distinct offense. Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959).

The record discloses no error other than already recited. As to that, the difference is one of penalty and does not require remand to the trial court. The portion of appellant's sentence which relates to the crime of attempted murder is hereby modified to bear the penalty of a maximum of 10 years as if he were charged properly with the crime of assault with intent to kill, a lesser included offense, Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966), instead of attempted murder.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.