JESSE DELBERT WALLIN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 8917

January 19, 1977                          558 P.2d 1143

*Lohse and Lohse, Chartered,* of Reno, for Appellant.

*Robert List,* Attorney General, *Michael E. Fondi,* District Attorney, and *Louis R. Doescher,* Deputy District Attorney, of Carson City, for Respondent.

## OPINION

*Per Curiam:*

After they engaged in sexual intercourse Jesse Wallin, appellant, forcibly raised his wife's legs and inserted his clenched fist into her rectum. Despite her extreme pain and pleading he kept

it there for several minutes until he finally released her. With the assistance of her children, she was taken to a hospital where she was treated for extensive injuries in the rectal area.

She charged him with battery and testified to previous episodes of a like nature with him. In defense he produced evidence that he was an epileptic, that he had suffered severe injuries while serving in Vietnam, that he had been hit on the head by a falling garage door earlier in the day and that he had undergone an epileptic seizure at the time of the battery. The jury found him guilty under NRS 200.481(2)(b), to wit, "[i]f the battery is not committed with a deadly weapon, and substantial bodily injury to the victim does result."

There is adequate and substantial evidence to support the verdict. Moser v. State, 91 Nev. 809, 544 P.2d 424 (1975); Nix v. State, 91 Nev. 613, 541 P.2d 1 (1975); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974); Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972).

Counter to appellant's contention that his wife's testimony of previous similar experiences with him was inadmissible, NRS 48.045 allows evidence of prior conduct where it is relevant to intent or absence of mistake or accident. See Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); State v. McFarlin, 41 Nev. 486, 172 P. 371 (1918). Defense counsel acknowledged that Wallin's defense placed his intent in issue. The admission of such evidence was therefore proper.

Other purported errors are without merit.

Affirmed.