## THOMAS WILLETT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9767

September 28, 1978                     584 P.2d 684

*Morgan D. Harris,* Public Defender, and *James B. Gibson,* Deputy Public Defender, Clark County; and Manos & Cherry, Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, and *L. J. O'Neale,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant Thomas Willett guilty of three counts of violation of NRS 201.190, the infamous crime against nature. He was sentenced to life imprisonment with the possibility of parole on each count with the terms to run concurrently. The sentences were suspended and appellant was placed

on probation for a period not to exceed five years with the first year to be served in the Clark County jail. He seeks reversal of his judgment of conviction on the principal ground that the court erred in admitting testimony concerning his illicit sexual relationship with another person other than the victim in the instant case.

1. The record shows that appellant in November, 1973, while playing in a musical group volunteered to entertain the children at Child Haven in Las Vagas. There he met the victim of this crime, a minor boy. He went with the boy to his room to introduce him to the guitar, but the session ended in the first of several acts of oral copulation on the minor. During the same month appellant visited the Eddie Lee Home for boys in Clark County. There he met a minor boy who testified that while the defendant, a volunteer worker, was "helping us to set up for Christmas", the defendant performed an act of oral copulation upon the young man. This testimony was admitted during the State's case-in-chief, and it is the admission of this testimony upon which the appellant seeks reversal of his judgment of conviction.

Appellant, in seeking reversal, relies heavily on Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959), and narrows his argument to that part of the opinion regarding proof of other crimes:

It is a rule of criminal evidence that, on the trial of a person accused of crime, proof of a distinct independent offense is inadmissible.

As exceptions to this general rule evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the cdmmission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with commission of the crime on trial.

75 Nev. at 76, 334 P.2d at 527.

The facts in *Nester* concerned a charge of forcible rape. The State introduced evidence of a similar, but not identical, rape that was committed by that defendant six months after the rape charged. The evidence was properly admitted to prove the identity of the rapist.

In the case at hand, the sexual acts committed on the victim and the witness were close in time, both occurring in November of 1973; the circumstances were similar, both were minors in homes for boys; and the *modus operandi* was the same, both boys were approached while the defendant worked as a "volunteer" at their institutions. This case is squarely within the

fourth exception of the criteria listed in *Nester,* that is, to show "a common scheme or plan".

The rule in *Nester* is codified at NRS 48.045(2), which states,

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident.

This statute was cited by this court in Allan v. State, 92 Nev. 318, 321, 549 P.2d 1402 (1976). *Allan* also concerned the infamous crime against nature committed upon a minor. Allan's plan or scheme was to invite children to his house trailer, show them a pornographic film, and seduce the children. On the evening of the act for which he was charged, there were three minor boys present. Although Allan was charged only with committing the infamous crime with one, the two other boys testified, during the prosecution's case-in-chief, that Allan committed the same act on them. That evidence was properly admitted as part of the *res gestae.*

This court earlier this year, in McMichael v. State, 94 Nev. 184, 577 P.2d 398, 401 (1978), adopted the language of the Arizona Supreme Court:

> Upholding in a prosecution for fellatio, case-in-chief testimony of boys other than those with whom defendant was charged with having committed the acts, the court in State v. McDaniel, 298 P.2d 798 (Ariz. 1956), said:
>
>> Certain crimes today are recognized as stemming from a specific emotional propensity for sexual aberration. The fact that in the near past one has given way to unnatural proclivities has a direct bearing upon the ultimate issue whether in the case being tried he is guilty of a particular unnatural act of passion. The importance of establishing this fact far outweighs the prejudicial possibility that the jury might convict for general rather than specific criminality. Even granting the general rule of inadmissibility of evidence of independent crimes to prove the offense charged, many courts recognize a limited exception in the area of sex crimes to prove the nature of the accused's specific emotional propensity.

*Id.* at 802-03. *Accord,* State v. Miller, 564 P.2d 1246 (Ariz.App. 1977); State v. McFarlin, 517 P.2d 87 (Ariz. 1973); People v. Covert, 57 Cal.Rptr. 220 (App. 1967); *compare,* Allan v. State, 92 Nev. 318, 549 P.2d 1402 (1976).

We do not believe the district judge in the case before us abused his discretion in admitting the witness' testimony. The court, in a pretrial hearing and in a hearing without the presence of the jury, balanced the proffered testimony against its probative value, NRS 48.035; Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965), and then determined that the probative value of the evidence outweighed its prejudicial effect. We cannot rule, based on the facts presented, that the lower court abused its discretion. Therefore, we affirm appellant's judgment of conviction.