HILTON GREEN, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 10194

December 7, 1978                         587 P.2d 38

*Morgan D. Harris,* Public Defender, and *Robert P. Dicker-son,* Deputy Public Defender, Clark County, for Appellant.

*George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

We are requested to set aside the appellant's conviction for robbery and for the use of a deadly weapon in the commission

of a crime. He asserts that the evidence of his guilt is insufficient; that evidence of another crime was improperly admitted; and that remarks of the prosecutor during argument were prejudicial.

1.   His first contention, that of insufficient proof, is rejected summarily since the evidence clearly allowed the jury conclusion of guilt and presented a fact determination beyond our power to disturb. Nev. Const. art. 6, § 4; Washington v. State, 94 Nev. 181, 576 P.2d 1126 (1978).

2.   Evidence of another robbery committed by the defendant-appellant the day before the robbery for which he was being tried was received, over objection, as relevant to prove identity. NRS 48.045(2). Proof of the other robbery was clear and convincing, thus satisfying the mandate of Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966). We cannot conclude that the court erred in receiving such evidence since the defendant's primary defense was that of mistaken identity, and the State's evidence to prove identity was not conclusive since two of the three eyewitnesses were unable positively to identify the accused. Consequently, it was permissible for the court to reason that the probative value of the evidence outweighed its prejudicial effect. Jones v. State, 85 Nev. 4, 448 P.2d 702 (1969); Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976).

3.   During summation the prosecutor said: "What you just heard was the mistaken identity defense which is commonly referred to by the defense community as the so-d defense. It stands for somebody ............." Objection was interposed and sustained. The meaning of the so-d defense was never expressed. To assume that the innocuous statement, unexplained, was in some fashion prejudicial to the rights of the accused is an assumption we are unwilling to entertain.

Affirmed.