## LELAND CALVIN SIMPSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10297

December 20, 1978          587 P.2d 1319

*Morgan D. Harris,* Public Defender, and *James B. Gibson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Leland Calvin Simpson was convicted of Lewdness with his minor stepdaughter in violation of NRS 201.230 and Attempt Infamous Crime Against Nature in violation of NRS 201.190, 208.070. He was sentenced to concurrent terms of ten years for the Lewdness and twenty years for the Attempt. Appellant now seeks a reversal on the ground that the district court erred in admitting the testimony of appellant's other minor stepchildren concerning his prior illicit sexual conduct with them.

We recently considered and rejected a similar claim in Willett v. State, 94 Nev. 620, 584 P.2d 684 (1978). Willett was convicted of three counts of an Infamous Crime Against Nature. The evidence showed he had committed several acts of oral copulation on a minor boy. On appeal, Willett complained the trial court erred in admitting testimony from another minor boy upon whom he had also allegedly committed similar acts. Emphasizing that the similar acts were committed close in time, within a month, and under similar circumstances, while Willett was working as a volunteer in a home for boys, we held the testimony admissible to show a "common scheme or plan." NRS 48.045(2); in accord, *see,* Nestor v. State, 75 Nev. 41, 334 P.2d 524 (1959). *Compare,* Findley v. State, 94 Nev. 212, 577 P.2d 867 (1978); McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978).

In the instant case, the minor victim testified to the acts giving rise to the criminal complaint. Her testimony was corroborated by her younger sister who was present and witnessed appellant's sexual misconduct. Out of the presence of the jury, the court then heard argument to determine whether the prosecution would be allowed to introduce evidence of Simpson's continuing course of illicit sexual conduct upon his minor stepchildren. Recognizing the prejudicial effect of such testimony, the district judge nevertheless admitted the testimony as proof of a common scheme or plan. NRS 48.035, 48.045(2). The victim and her siblings were then allowed to testify to appellant's prior illicit sexual conduct with them and other members of the family.

As the incidents were close in time, ranging from one month to four years prior to the charged offense, and occurred within the family household, the trial court did not abuse its discretion in admitting the evidence. Willett v. State, *supra.* Accordingly, the judgment of conviction and sentence are affirmed.