## OLIVIA LYNN MAYES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10066

February 28, 1979                    591 P.2d 250

*James L. Buchanan II,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was convicted by a jury of grand larceny, NRS 205.220,[1] and sentenced to serve a term of 10 years in the Nevada State Prison. The state alleged that appellant, while plying her trade as a prostitute, had stolen the victim's money and jewelry after sexual intercourse. On appeal, she claims that the district court erred by allowing the introduction of evidence of other crimes.

The victim of this crime testified that he met the appellant in the lounge of a Las Vegas hotel. After some insignificant conversation, appellant proposed that she would go to bed with the victim for $100. He accepted and the two left for his hotel room. Once in the room, the victim paid the appellant and, while undressing, placed his money, rings and watch on the dresser. After the sexual act was consummated, the victim fell asleep. When he awoke, the appellant, as well as his money and jewelry, were gone.

The defense called a witness who admitted that she was a prostitute and testified that it was she, and not the appellant, who had been with the victim on the night of the alleged crime. In rebuttal, the prosecution presented two witnesses who testified that they had hired the services of the appellant and had their possessions stolen by her after sexual intercourse. In a hearing outside the presence of the jury, the trial judge, over the appellant's objection, decided to admit this rebuttal testimony for the limited purpose of identity.

When the identity of the perpetrator of the crime is in issue, evidence of other crimes or wrongs committed by the defendant may be admitted for the limited purpose of identity if the probative value of such evidence outweighs its prejudicial effect. *See* NRS 48.045(2); Jones v. State, 85 Nev. 4, 448 P.2d

---

[1]NRS 205.220 provides:

"Every person who shall feloniously steal, take and carry away, lead or drive away the personal goods or property of another, of the value of $100 or more shall be deemed guilty of grand larceny, and upon conviction thereof shall be punished by imprisonment in the state prison for any term not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $5,000."

702 (1969); Junior v. State, 89 Nev. 121, 507 P.2d 1037 (1973); Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); Green v. State, 94 Nev. 731, 587 P.2d 38 (1978). Evidence of other crimes has a strong probative value when there is sufficient evidence of similar characteristics of conduct in each crime to show the perpetrator of the other crime and the perpetrator of the crime for which the defendant has been charged is one and the same person. Nester v. State, 75 Nev. 41, 55, 334 P.2d 524, 531–532 (1959). In People v. Banks, 465 P.2d 263, 271 (Cal. 1970), the California High Court, quoting in part from its decision in People v. Haston, 444 P.2d 91, 99–100 (Cal. 1968), aptly summarizes the law on this subject as follows:

> When the purpose for which such evidence is offered is that of identifying the defendant as the perpetrator of the charged offense through showing a modus operandi common to the charged and uncharged offenses, particular care must be exercised to insure that the inference of identity, upon which probative value depends, is of significant force. 'It is apparent that the indicated inference does not arise * * * from the mere fact that the charged and uncharged offenses share certain marks of similarity, for it may be that the marks in question are of such common occurrence that they are shared not only by the charged crime and defendant's prior offenses, but also by numerous other crimes committed by persons other than defendant. On the other hand, the inference need not depend upon one or more unique or nearly unique features common to the charged and uncharged offenses, for features of substantial but lesser distinctiveness, although insufficient to raise the inference if considered separately, may yield a distinctive combination if considered together. Thus it may be said that the inference of identity arises when the marks common to the charged and uncharged offenses, considered singly or in combination, logically operate to set the charged and uncharged offenses apart from other crimes of the same general variety and, in so doing, tend to suggest that the perpetrator of the uncharged offenses was the perpetrator of the charged offenses. * * * [Par.] The important point to be made is that, when such evidence is introduced for the purpose of proving the identity of the perpetrator of the charged offense, it has probative value only to the extent that *distinctive* "common marks" give logical force to the inference of identity. If the inference is weak, the probative value is likewise weak, and the court's discretion should be exercised in favor of exclusion.' (Fns. omitted.)

*See also* State v. Estrada, 550 P.2d 1080 (Ariz.App. 1976). Although the admission of evidence of separate and independent criminal acts rests within the sound discretion of the trial court, it is, nevertheless, the duty of that court to strike a proper balance between the probative value of the evidence and its prejudicial dangers. Elsbury v. State, 90 Nev. 50, 518 P.2d 599 (1974); Nester v. State, *supra;* NRS 48.035.

Appellant argues that it was error to admit the rebuttal evidence because thefts similar in circumstances to the one which occurred in this case occur frequently; therefore, unless there exists some special characteristic connecting the two rebuttal crimes with the crime herein alleged, those rebuttal crimes cannot be construed as similar acts which would justify their admission for purposes of identity. We agree.

In the present case, the prosecution failed to establish how the three thefts allegedly committed by the appellant contained a characteristic common with one another, yet in some way different from the type of thefts committed frequently by other prostitutes. *Cf.* Nester v. State, *supra;* People v. Banks, *supra.* Since most of the crimes of this type are committed in much the same manner, it is essential that some distinctive characteristics be demonstrated. No such characteristics are revealed by the testimony of the rebuttal witnesses.

For this reason, the district court abused its discretion by admitting the evidence of the other crimes. The prejudicial effect of this evidence outweighed its probative value. Appellant's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

Mowbray, C. J., and Thompson, Gunderson, and Manoukian, JJ., concur.