ALBERT ANTHONY REED, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 10156

March 5, 1979 591 P.2d 274

*Morgan D. Harris,* Public Defender, and *Gregory Barlow,* Deputy Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Nikolas Mastrangelo,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant, Albert Anthony Reed, was tried to a jury and found guilty of burglary. He seeks reversal on two grounds: that the court below erred in admitting evidence of other crimes to prove identity and that the conviction is not supported by substantial evidence. We disagree and affirm.

## THE FACTS

At trial, the State presented the testimony of the victim, Ruth Liable, that on the night of December 7, 1976, she heard the window, next to the door of her room at the Orbit Inn Motel in Las Vegas, open. She saw a hand reach in and turn the doorknob, and then saw one man enter through the door, and another through the window. The men removed her purse and a cup of change. When asked whether the appellant was one of those men, she replied, "I think he is the man who stood at the door." A latent palm print on the outside of the window and a fingerprint on the inside window frame, taken that night, were identified as those of appellant.

Over the objections of appellant, the State was permitted to introduce evidence of two other night burglaries of motel rooms in downtown Las Vegas which had occurred in September and October of the same year. Police experts identified as appellant's a fingerprint taken from the inside window ledge at the scene of the first intrusion, and a fingerprint taken from what officers concluded was the inside portion of a screen removed from the room where the second incident occurred. The victim of the second burglary, Earl Ayres, identified appellant at trial as the man who had entered his room.

Appellant took the stand in his own defense, and denied committing the burglary in question. He claimed not to know how his fingerprints came to be found in the three motel rooms, but contended that he had lived or stayed at many downtown hotels since 1972. He testified that he did not remember staying at the Orbit Inn, and that it was possible he had stayed at the other two motels with lady friends, without being registered. He did not remember where he was on the night of December 7, 1976.

Appellant contends that the introduction of evidence of the two other crimes was reversible error, and further that the evidence was insufficient to support his conviction.

## THE EVIDENCE OF OTHER CRIMES

After a hearing, the trial court denied appellant's motion in limine for the exclusion of the other crimes evidence offered by the State. The court ruled that such evidence was admissible on the sole issue of the identity of the perpetrator of the Orbit Inn Motel burglary, and the jury was so instructed.

Appellant first argues that the court should not have permitted the State to oppose his motion by oral argument, since they had not submitted points and authorities pursuant to

Eighth Judicial District Court Rule 22. This argument is meritless. The Rule provides for the exercise of judicical discretion in such an instance, and there is no basis in the record for concluding that the court abused that discretion in this case.

Appellant's second contention is that the evidence was improperly admitted to show identity, Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); NRS 48.045(2), because "identity was not in real issue". His argument is based on the fact that neither Liable nor Ayres had specifically identified appellant as the perpetrator at the time of the preliminary hearing. In fact, as the jury was fully informed, it appeared that each had identified another individual who had been present in the courtroom on an unrelated matter.

Any discrepancies between the witnesses' testimony at preliminary hearing and their identification of appellant at trial presented an issue of credibility to be resolved by the jury. *See* People v. Weiss, 327 P.2d 527, 535–36 (Cal. 1958). "The weight and credibility of identifying witnesses ['] testimony is solely within the province of the jury," and their determination will not be disturbed on appeal. Wise v. State, 92 Nev. 181, 183, 547 P.2d 314, 315 (1976). *Accord* Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975).

The questions raised as to the credibility of the witnesses' trial identification of appellant served to highlight the necessity for additional evidence which could help establish the identity of the perpetrator, and buttress the decision of the trial court to admit the evidence of other crimes for that purpose. *See* Jones v. State, 85 Nev. 4, 448 P.2d 702 (1969).

Here, the trial court could properly decide to admit evidence of similar distinctive crimes, concerning the issue of the perpetrator's identity. As in the Orbit Inn burglary, such evidence indicated that appellant had previously penetrated downtown motel rooms, through the windows immediately adjacent to the doors of such rooms. *See* Mayes v. State, 95 Nev. 140, 591 P.2d 250 (1979); Nester v. State, *supra;* Junior v. State, 89 Nev. 121, 507 P.2d 1037 (1973).

## THE SUBSTANTIAL EVIDENCE

Appellant suggests that his conviction should be reversed because "as a matter of law, fingerprints alone, without accompanying corroboration[,] are insufficient to support a conviction."

▮▮▮▮▮▮▮▮▮

Fingerprint evidence has been described as "the strongest evidence of identity, and . . . ordinarily sufficent alone to identify the defendant." People v. Gardner, 457 P.2d 575, 579 (Cal. 1969). Furthermore, appellant's own characterization of the law does not apply to the facts of this case, since the victim of the crime did corroborate the fingerprint evidence by her identification of appellant as the perpetrator. Neither the failure of the witness to identify appellant at the preliminary hearing nor the tentativeness of the witness' identification at trial rob that identification of its status as substantial corroborative evidence. See Johnson v. State, 562 P.2d 1294 (Wyo. 1977).

Convictions based upon fingerprint evidence have been upheld when other substantial evidence tended to link the defendant with the crime charged. United States v. Harris, 530 F.2d 576 (4th Cir. 1976); People v. Gardner, *supra.* In Matthews v. State, 94 Nev. 179, 576 P.2d 1125 (1978), this court followed the general rule, and upheld the conviction of a burglar upon evidence establishing that he fit the general description of a man seen running from the scene of the crime and was apprehended near the scene, when his fingerprints were found on several items in the store which had been burglarized.

Furthermore, in this case, appellant's fingerprints were found inside the room, at the point where entry was effected. Courts have upheld convictions based upon fingerprint evidence alone when the prints were found in such a location. *E.g.,* People v. Hannaman, 507 P.2d 466 (Colo. 1973); State v. Mireles, 483 P.2d 508 (N.M.App. 1971); State v. Jones, 410 P.2d 219 (Or. 1961); State v. Hanna, 459 P.2d 564 (Or.App. 1969).

▮▮▮▮▮▮▮▮

The case at hand presents no reason for departing from the basic rule that "[i]dentification is generally a jury question." O'Brien v. State, 88 Nev. 488, 489, 500 P.2d 693 (1972). Since there is substantial evidence of appellant's identity in the record, the jury verdict must be sustained.

We, therefore, affirm.[1]

---

[1]The Governor designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE NOEL E. MANOUKIAN, Justice, who was disqualified. Nev. Const. art. 6, § 4.