THOMAS EDWARD HILL, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 10294

May 9, 1979                                                594 P.2d 699

*Norman Y. Herring,* Nevada State Public Defender, for Appellant.

*Thomas L. Stringfield,* \*District Attorney, Elko County, and *Robert C. Manley,* of Winnemucca, for Respondent.

---

\*This case was tried by Robert C. Manley, who was then the Elko County District Attorney.

## OPINION

By the Court, BATJER, J.:
Appellant was convicted by a jury of supplying a controlled

substance, marijuana, on two separate occasions, to undercover agents from the Nevada Department of Investigations and Narcotics. His defense was that of entrapment, and his primary claim of error is that the trial court improperly instructed the jury concerning that defense. He also contends that the trial court erred in admitting evidence of a prior sale of marijuana.

1. Appellant's defense was (1) entrapment and (2) that he was simply the procurer for the undercover agents, *see* Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971). In rebuttal of these defenses, the prosecution was permitted to call a minor, who testified that he had purchased a marijuana cigarette from Hill a few weeks before the date upon which he furnished the controlled substance to the undercover agents. We regard evidence of other offenses as being prejudicial and therefore follow the rule of exclusion, unless such evidence is relevant to prove the commission of the crime charged with respect to motive,[1] intent,[2] identity,[3] the absence of mistake or accident,[4] or a common scheme or plan.[5] Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966). Additionally, where the charge is a narcotic offense, other similar offenses may be received to show the accused's knowledge of the narcotic nature of the involved substance.[6] Lindsay v. State, 87 Nev. 1, 478 P.2d 1022 (1971).

[1] State v. Cerfoglio, 46 Nev. 332, 205 P. 791, 213 P. 102 (1923); Richardson v. State, 91 Nev. 266, 534 P.2d 913 (1975); Seim v. State 95 Nev. 89, 590 P.2d 1152 (1979).

[2] State v. Vertrees, 33 Nev. 509, 112 P. 42 (1910); State v. McMahon, 17 Nev. 365, 30 P. 1000 (1883); State v. Elges, 69 Nev. 330, 251 P.2d 590 (1952); Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961); Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961); Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965); Richardson v. State, *supra;* Wallin v. State, 93 Nev. 10, 558 P.2d 1143 (1977); Findley v. State, 94 Nev. 212, 577 P.2d 867 (1978); McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978).

[3] State v. Roberts, 28 Nev. 350, 82 P. 100 (1905); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); Junior v. State, 89 Nev. 121, 507 P.2d 1037 (1973); Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); Green v. State, 94 Nev. 731, 587 P.2d 38 (1978); Mayes v. State, 95 Nev. 140, 591 P.2d 250 (1979); Reed v. State, 95 Nev. 190, 591 P.2d 274 (1979).

[4] State v. McMahon, *supra;* Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965); McMichael v. State, *supra.*

[5] Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967); Mayer v. State, 86 Nev. 466, 470 P.2d 420 (1970); Willett v. State, 94 Nev. 620, 584 P.2d 684 (1978); Simpson v. State, 94 Nev. 760, 587 P.2d 1319 (1978); Seim v. State, *supra.*

[6] Mayer v. State, *supra;* Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969); Fairman v. Warden, Nevada State Prison, 83 Nev. 332, 431 P.2d 660

The trial court, prior to admitting evidence of the sale of marijuana to the minor, excused the jury, heard an offer of proof by the prosecution, and then ruled that the evidence would be admitted for the limited purpose of showing intent and motive. NRS 48.045(2).[7] Upon the conclusion of the minor's testimony, the trial court admonished the jury and later in the trial, by way of an instruction, made it clear that all evidence of other crimes or offenses was not to be considered to show the bad character of Hill, but only for the limited purpose of showing his intent and motive to commit the crimes with which he was charged. State v. McFarlin, 41 Nev. 486, 172 P. 371 (1918); Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965).

Since the defense of entrapment focuses on an appellant's predisposition to commit the crime as charged, evidence that he previously supplied marijuana was relevant in establishing his state of mind while supplying marijuana to the undercover agents. People v. Foster, 111 Cal.Rptr. 666 (Cal.App. 1974); People v. Mora, 117 Cal.Rptr. 262 (Cal.App. 1974).[8] The evidence also rebuts Hill's testimony that he procured the controlled substance not for any benefit to him, but only because of the agent's imploring and insistence. *See* Roy v. State, *supra;* Brown v. State, *supra.*

The trial court recognized the prejudicial effect the testimony might have on appellant, but nevertheless admitted it, pursuant to NRS 48.045(2), as proper rebuttal to the defenses which had been raised. The decision to admit or exclude evidence of separate and independent offenses rests within the sound discretion of the trial court, Elsbury v. State, 90 Nev. 50, 518 P.2d 599 (1974), and will not be disturbed unless it is manifestly wrong. Brown v. State, *supra.* We find no error in the trial court's ruling.

2. Appellant also urges reversal upon the ground that the

(1967); Fairman v. State, *supra;* Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); Wallace v. State, *supra;* Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970); Fox v. State, 87 Nev. 591, 491 P.2d 721 (1971).

[7] NRS 48.045(2) Provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[8] *See* People v. Barraza, 591 P.2d 947 (Cal. 1979), where the subjective or origin-of-intent test for entrapment was abandoned and the objective theory of entrapment was adopted.

trial court erroneously instructed the jury on his defense of entrapment, with particular exception taken to that portion of the instruction reading:

> However, if you believe that the officers and their agent, in good faith and solely for the purpose of detecting or discovering crime or offenses, furnished an opportunity or aided or encouraged its commission by the Defendant, and that the Defendant had the requisite criminal intent to commit the crime, then there is no entrapment.

We have not discovered, nor has appellant directed our attention to, any authority which would support his contention that the use of the words "aid or encouraged" in an instruction on entrapment renders the verdict of guilty fatally defective and mandates reversal.

In Moore v. State, 93 Nev. 645, 572 P.2d 216 (1977), we treated the prosecution's failure to brief the issue of entrapment as a confession of error. Accordingly, the case was reversed and remanded for a new trial. The remaining pronouncements in that opinion were dicta.

In re Wright, 68 Nev. 324, 232 P.2d 398 (1951), was a disciplinary proceedings against an attorney in which this Court reviewed, *de novo,* the record established before an administrative committee of the Nevada State Bar and the board of governors of the Nevada State Bar. There was no jury involved in that case and consequently no jury instructions to be considered.

In State v. Busscher, 81 Nev. 587, 407 P.2d 715 (1965), the only question before this Court was whether or not entrapment had been established as a matter of law. The defendant Busscher did not testify nor produce any witnesses; and all relevant evidence offered by the State stood unrefuted. Accordingly, this Court held that entrapment had not been established as a matter of law. Nowhere in the case was the propriety of the use of the words "aid or encouraged" in an instruction on entrapment considered.

In Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961), defendant Wyatt testified at trial and denied any attempt to commit an abortion on the alleged victim, yet on appeal he asserted the defense of entrapment and raised the question whether a requested instruction on entrapment must be given in light of the evidence in that case. This Court held that Wyatt had expressly repudiated the defense of entrapment, thus the trial court was not required to instruct on the subject of entrapment. The use of the words "aid or encouraged" or any other wording in a jury instruction was not an issue at that trial or on

appeal. In *Wyatt,* this Court quoted with approval from People v. Cummings, 296 P.2d 610, 615 (Cal.App. 1956), and People v. Lindsey, 205 P.2d 1114 (Cal.App. 1949):

> Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. 77 Nev. at 496–497.

In People v. Strohl, 129 Cal.Rptr. 224 (Cal.App. 1976), the claim of entrapment was rejected and the judgment of conviction was affirmed. In that case, an instruction was given which was similar to that found in the instruction challenged by appellant. In People v. Jackson, 268 P.2d 6 (Cal. 1954), the Supreme Court of California held that an instruction using the words "aids or encourages" was a "correct pronouncement of the law".[9] *Cf.* State v. Gellers, 282 A.2d 173 (Me. 1971); State v. McCrillis, 376 A.2d 95 (Me. 1977).

The Oklahoma Court of Criminal Appeals has also approved of an entrapment instruction which uses the words "aid or encourages". Wixon v. State, 527 P.2d 333, 336 (Okla.Crim. 1974).

Whenever the state induces a person to pursue a course of conduct upon which he would not otherwise have embarked and he commits a criminal act which he would not have committed but for the action of the state's agent, conviction for such a crime is against public policy. However, where the criminal intent originates in the mind of the accused and the offense is completed, the mere fact that the accused is furnished an opportunity to commit a crime or was aided in the commission thereof by an agent of the state should constitute no defense.

This seems to be in accord with the position taken by the Supreme Court of the United States in Sorrells v. United States, 287 U.S. 435 (1932), and Sherman v. United States, 356 U.S. 369 (1958). In United States v. Russell,[10] 411 U.S 423,

---

[9] See footnote 8.

[10] The facts of the *Russell* case clearly evidences a situation where an officer aided and encouraged the commission of the crime. The undercover narcotics agent supplied defendant with an essential and difficult to obtain ingredient needed for the manufacture of a proscribed narcotic. After the narcotic was produced the agent purchased a share of the finished product. Defendant was

434–436, (1973), the High Court refused to overrule *Sorrells* and *Sherman* and said:

> Nor does it seem particularly desirable for the law to grant complete immunity from prosecution to one who himself planned to commit a crime, and then committed it, simply because government undercover agents subjected him to inducements which might have seduced a hypothetical individual who was not so predisposed. We are content to leave the matter where it was left by the Court in *Sherman:*
>
> > The function of law enforcement is the prevention of crime and the apprehension of criminals. Manifestly, that function does not include the manufacturing of crime. Criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer. However, 'A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute'.
>
> *Id.,* at 372, quoting Sorrells v. United States, 287 U.S., at 442.
>
> . . . .
>
> > *Sorrells* and *Sherman* both recognize 'that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution,' 287 U.S., at 441; 356 U.S., at 372. Nor will the mere fact of deceit defeat a prosecution, see, *e.g.,* Lewis v. United States, 385 U.S. 206, 208–209 (1966), for there are circumstances when the use of deceit is the only practicable law enforcement technique available. It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play.

We find no error in the instruction as given by the district court and affirm the judgment.

MOWBRAY, C. J., and GUNDERSON and MANOUKIAN, JJ., concur.

---

found guilty of unlawful manufacturing and sale of the drug. Defendant's conviction was affirmed by the High Court.

THOMPSON, J., dissenting:

I dissent.

An accurate instruction upon the basic elements of the offense charged is essential, and the failure to so instruct is reversible error. Dougherty v. State, 86 Nev. 507, 509, 471 P.2d 212 (1970); Harvey v. State, 78 Nev. 417, 421, 375 P.2d 225 (1962). The same principle applies with equal force to an affirmative defense which, if established, would mandate an acquittal.

In my opinion the instruction, to which objection was interposed, is incorrect since it advised the jury that there is no entrapment if the officers "aided or encouraged" the commission of a crime. The Nevada cases, Moore v. State, 93 Nev. 645, 646, 572 P.2d 216 (1977); State v. Busscher, 81 Nev. 587, 590, 407 P.2d 715 (1965); Wyatt v. State, 77 Nev. 490, 494, 367 P.2d 104 (1961); In re Wright, 68 Nev. 324, 329, 232 P.2d 398 (1951), although not concerned with a jury instruction, each recognizes the distinction between furnishing an opportunity to commit a crime and urging or persuading one to do so. The criminal intent must originate in the mind of the defendant without urging or persuasion by the undercover agent. State v. Busscher, supra. If such urging or persuasion is established, the affirmative defense of entrapment likewise is established. The apparent flaw in the challenged instruction is its declaration that there is no entrapment if the officers aided or encouraged the commission of a crime.

The California Supreme Court recently has restated the proper test of entrapment in order to retain the deterrent effect of the entrapment defense on impermissible police conduct. People v. Barraza, 591 P.2d 947 (Cal. 1979). This, I think, is the direction our court should take. Surely, it is not sound policy to allow government agents to aid or encourage one to commit a crime.