## DAWN COTY, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 10982

April 30, 1981 ·         627 P.2d 407

*Michael Kennedy,* San Francisco, California, and *Kermitt L. Waters,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Ira H. Hecht,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Dawn Coty was arrested on December 8, 1977 in connection with a grand larceny that occurred on October 6, 1977. The larceny occurred when appellant, a prostitute, left the victim's hotel room with $600. Prior to trial, defense counsel presented a motion *in limine* seeking a ruling preventing the admission of evidence of appellant's previous arrest and related criminal behavior. The court below relied on the identity exception to the general rule that "on the trial of a person accused of crime, proof of a distinct independent offense is inadmissible." State v. Nester, 75 Nev. 41, 46, 334 P.2d 524, 526 (1959). The trial judge ruled that the evidence would be inadmissible as to the state's case in chief but would be admissible on rebuttal to prove identity if the appellant took the stand and denied she was the perpetrator of the crime.[1] Because of this ruling, appellant did not testify on her own behalf. Appellant now asks this court to reverse her conviction and order a new trial on grounds that the district court's ruling deprived her of a fair trial.

Evidence of prior criminal behavior may only be admitted to prove identity when its prejudicial effect is outweighed by the evidence's probative value *and* when that prior behavior demonstrates characteristics of conduct which are unique and common to both the defendant and the perpetrator whose identity is in question. Mayes v. State, 95 Nev. 140, 591 P.2d 250 (1980). Here, the characteristics of the prior crimes, although resembling those of the crime charged, do not show a *modus*

---

[1] *See* NRS 48.045(2).

*operandi* common to the charged offense and previous uncharged offenses which would tend to identify the appellant as the perpetrator of the charged offense. Evidence of prior criminal activity in this case is of a very low probative value and certainly does not justify the prejudice resulting from its introduction. Because such evidence is inadmissible in this case, the trial judge erred in denying appellant's motion *in limine.*

Since the district judge's ruling prevented appellant from testifying in her own behalf, the degree of prejudice arising from the error is unascertainable, and the normal rules of harmless and reversible error do not apply. Mann v. State, 96 Nev. 62, 605 P.2d 209 (1980). Because the jury may have reached a different verdict after hearing appellant's version of the facts, we reverse the judgment and remand the cause for a new trial. Other contentions need not be considered.