An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PENI PAUESI PELE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65465

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary and grand larceny. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant Peni Pauesi Pele contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. We disagree, as our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, evidence was presented that an intruder broke the sliding glass door and attached screen door of Richard Brattain's residence and entered. Brattain testified that he returned home to find the intruder carrying Brattain's computer. Brattain confronted the intruder, and the intruder fled through the front door. Brattain testified that computer and electronics equipment were missing and that the items had a total value of $825. At trial, Brattain identified Pele as the intruder. Previously,

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37206

Brattain had stated that a police photographic lineup, which included Pele's picture, did not show the intruder, although the State drew attention to the fact that the intruder was clean-shaven and Pele at trial was clean-shaven, while Pele had a large beard and mustache in the police photo lineup. Keith Orr observed the intruder fleeing Brattain's house and testified that Pele "looked like" the intruder, although Orr was not certain because the incident occurred quickly and more than a year prior to the trial. Further, Orr observed the car to which the intruder fled and its license plates. A DMV search revealed that the license plates and a car matching Orr's description were registered to Pele's wife. Finally, fingerprint analysis established a match between a fingerprint lifted from the frame of the broken screen door and Pele's right index finger.

The jury could reasonably infer from the evidence presented that Pele (1) unlawfully entered the victim's house with the intent to commit a felony and (2) intentionally stole personal property with a value of greater than $650. See NRS 205.060, NRS 205.220(1)(a). Pele's argument that the evidence was insufficient where only fingerprint evidence incriminated Pele is neither persuasive as a matter of law, nor borne out by the evidence presented at trial. See Reed v. State, 95 Nev. 190, 193-194, 591 P.2d 274, 276-77 (1979) (noting that fingerprints alone found at the scene may suffice to identify a defendant and that identification is generally left to the jury). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's

verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Having considered Pele's contention and concluded that it is without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. James M. Bixler, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk