An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

YADHIR RUIZ GONZALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67534

FILED

DEC 1 8 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit burglary, burglary, and invasion of the home. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Yadhir Ruiz Gonzales first argues that the district court abused its discretion in admitting evidence that he had committed a burglary and home invasion approximately one month after the instant burglary occurred. He contends that this bad act evidence was not relevant to either identity or intent and was highly prejudicial. We review a district court's decision to admit evidence of prior bad acts for an abuse of discretion and will not reverse that decision absent manifest error. *Chavez v. State*, 125 Nev. 328, 345, 213 P.3d 476, 488 (2009). Evidence of a prior bad act is inadmissible for the purpose of showing that a person acted in conformity with the bad act on a certain occasion, NRS 48.045(1), but may be admitted for other purposes, such as to establish identity or intent, NRS 48.045(2). Evidence of a prior bad act "may only be admitted to prove identity when its prejudicial effect is outweighed by the evidence's probative value and when that prior behavior demonstrates characteristics of conduct which are unique and common to both the defendant and the perpetrator whose identity is in question." *Coty v. State*, 97 Nev. 243, 244, 627 P.2d 407, 408 (1981); *see also Mayes v. State*,

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-38763

95 Nev. 140, 142, 591 P.2d 250, 251-52 (1979) (reasoning that the identity exception is inappropriate where the crimes are only generally similar).

Here, the similarities between the instant burglary and the other burglary were that they occurred within a month of each other, the front door at each home had pry damage on the door frame near the deadbolt and doorknob lock and each door had been forcibly pushed open, and some electronics and small items were stolen from the homes. Gonzales contends that there was nothing unique about the offenses, and we agree. At trial, a police officer who responded to the scene in this case testified that prying the locks to weaken them and then using force to push the door open was one of the most common ways to commit burglary. The State presented no evidence to demonstrate that the similarities between the burglaries were unique in comparison with other burglaries committed by other perpetrators. *See Coty*, 97 Nev. at 244, 627 P.2d at 408. Therefore, we conclude that evidence of Gonzales's committing a burglary and home invasion a month after the current offenses was improperly admitted to show identity. We also conclude that the bad act evidence was not properly admitted to show intent, as the defense did not place Gonzales's intent at issue. *See Wallin v. State*, 93 Nev. 10, 11, 558 P.2d 1143, 1144 (1977).

However, we conclude that the error in admitting this evidence was harmless in light of the evidence of Gonzales's guilt— namely, Gonzales was identified as one of the two perpetrators by both the victim's neighbor and the apartment maintenance technician, and the description and license plate of the car in which the perpetrators drove away matched those of Gonzales's wife's car, which Gonzales also drove. Therefore, we conclude that the error in admitting the bad act evidence was harmless and does not warrant reversal of the judgment of conviction.

Second, Gonzales contends that the district court abused its discretion in admitting into evidence photographs of his wife's car, which were not disclosed by the State until the middle of trial. He contends that the district court judge lacked authority to admit the photographs because another judge, during pretrial proceedings, had already prohibited admission of evidence that had not been disclosed prior to trial. While a district judge "may not directly overrule the decision of another district judge on the same matter in the same case," the judge is not prohibited "from deciding a matter related but not identical to . . . earlier rulings." *State v. Beaudion*, 131 Nev., Adv. Op. 48, 352 P.3d 39, 42 (2015).

Here, the pretrial judge's ruling that undisclosed incriminatory evidence would not be admitted at trial appeared to be directed at two pieces of evidence—a second photographic lineup and a fingerprint analysis of a screwdriver. Thus, it is not clear that the trial judge's admission of the photographs of the car "directly overrule[d]" the pretrial judge's decision. *See id.* Moreover, the photographs were not directly incriminating, as they merely depicted the red Nissan Versa owned by Gonzales's wife. Gonzales contends that the photographs were incriminating and prejudicial because they depicted the car with license plates affixed on both its back and front, which undermined his wife's testimony that she had loaned one of the license plates to a man with a similar red Nissan Versa at the time of the offenses. However, the State had no knowledge of this testimony when it showed the photographs to the wife, the wife testified that the photographs fairly and accurately represented her car, and the defense had the opportunity to elicit from the wife that the photographs did not accurately depict her car at the time of the burglary. Thus, we conclude that there was no error in the admission of these photographs.

 

Third, Gonzales argues that the district court erred in refusing to instruct the jury, in accordance with *Sanborn v. State*, 107 Nev. 399, 407-08, 812 P.2d 1279, 1285-86 (1991), that the State's failure to preserve a second photographic lineup and photographs of Gonzales's wife's car created a presumption that the lineup and photographs were favorable to Gonzales. We conclude that there was no error by the district court in refusing to give the *Sanborn* instructions. Two witnesses testified that they were shown two photographic lineups and that they identified Gonzales from the first lineup. A detective testified that the witnesses were shown only one lineup but were later shown a set of photographs concerning the second perpetrator. It is not clear from the testimony of the two witnesses that the second photographic lineup differed from this set of photographs, which was provided to the defense. Regardless, Gonzales fails to demonstrate that the State acted in bad faith or that he suffered prejudice from any loss of a second lineup. *See id.*; *Daniel v. State*, 119 Nev. 498, 520, 78 P.3d 890, 905 (2003). Both witnesses identified Gonzales's photograph from the first lineup and any second lineup pertained only to the second suspect, who was distinctly different in appearance from Gonzales. While Gonzales argues that the second lineup was material because the fact that one of the witnesses identified an individual in the second lineup meant either that the witness made an incorrect identification or the State withheld the identity of the other perpetrator, he fails to demonstrate that the actual lineup would have exculpated him.

As for the photographs of Gonzales's wife's car, the detective testified that he took two pictures of the car—one picture of the license plate on the back and one picture of the side—while it was parked in the wife's driveway, and that he thought he provided the photographs to the

prosecution. Gonzales contends that the photograph of the side of the car may have also shown the front of the car and the absence of a license plate there, which would have corroborated his wife's testimony that she had loaned a license plate to someone else. This contention is speculative and is insufficient to warrant a *Sanborn* instruction. *See Daniel,* 119 Nev. at 520, 78 P.3d at 905. Moreover, the detective had no reason to look at the front of the car or to believe that the photographs were exculpatory, given that the witness obtained the license plate number off the back of the burglar's car and Gonzales's wife never disclosed to the detective that she had given away one of her license plates. *See id.* ("To establish prejudice, the defendant must show that it could be reasonably anticipated that the evidence would have been exculpatory and material to the defense." (internal quotations omitted)).

Finally, Gonzales contends that the cumulative effect of these errors warrants a new trial. Because Gonzales has demonstrated only one error, there is nothing to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Ronald J. Israel, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(0) 1947A