# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD MANUEL THOMPSON, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65538

FILED

JAN 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

In 2006, doctors diagnosed Monique Bork's newborn son with shaken baby syndrome. Bork's son died in 2011, and the death was deemed a homicide as a result of non-accidental head trauma the child sustained in 2006. Police arrested appellant Edward Manuel Thompson Jr. in connection with the child's death. The State later filed an information in district court charging Thompson with first degree felony murder by child abuse. This information was never amended and the deputy court clerk read it to the jury after the trial commenced. Following a 10-day jury trial, the jury found Thompson guilty of first-degree felony murder by child abuse.

Thompson appeals, arguing that the district court abused its discretion in its instructions to the jury. We agree. The district court abused its discretion in allowing jury instructions 10 and 11 because the instructions departed from the information filed to expand the State's theory of the case. *See State v. Eighth Judicial Dist. Court*, 116 Nev. 374, 377, 997 P.2d 126, 129 (2000) ("The State is required to give adequate notice to the accused of the various theories of prosecution.").

16-02315

Problematically, while the State charged Thompson with felony murder by child abuse under NRS 200.030—the felony murder statute—jury instructions 10 and 11 follow the statutory language of NRS 200.508, which prohibits abuse, neglect, or endangerment of a child.

Jury instruction 10 mirrors the language of NRS 200.508(2), prior to its recent amendment, with two exceptions. As shown below, jury instruction 10 omits two words contained in NRS 200.508(2), which are shown in parenthesis, and adds the five words in italics:

> A person who is responsible for the safety or welfare of a child and who
>
> > a. permits or allows that child to suffer unjustifiable physical pain or mental suffering as a result of abuse, or
> >
> > b. to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse (or neglect) *is guilty of Child Abuse.*

*See* NRS 200.508(2) (amended 2015).[1]

Jury instruction 11 defines abuse. Yet instead of using the definition of child abuse from the felony murder statute, *see* NRS 200.030(6)(b), jury instruction 11 uses the definition of "abuse or neglect" from NRS 200.508(4)(a). Like jury instruction 10, instruction 11 also erases the "or neglect" portion of the statutory definition (the portion of NRS 200.508(4)(a) omitted in jury instruction 11 is shown in parenthesis):

---

[1]The 2015 amendments to NRS 200.508(2) do not change the analysis in this order. The amended NRS 200.508(2) mirrors the statute as reprinted here, but adds the following italicized language: "A person who is responsible for the safety or welfare of a child *pursuant to NRS 432B.130* and who . . . ." *See* 2015 Nevada Laws Ch. 399 (A.B. 49) (emphasis added).

SUPREME COURT
OF
NEVADA

(O) 1947A

"Abuse (or neglect)" means physical or mental injury of a nonaccidental nature or negligent treatment or maltreatment of a child under the age of 18 years, under circumstances which indicate that the child's health or welfare is harmed or threatened with harm.

We have previously held that a difference exists between what constitutes felony murder by child abuse under the felony murder statute and what constitutes child abuse or neglect under NRS 200.508. *See Labastida v. State*, 115 Nev. 298, 302-03, 986 P.2d 443, 446 (1999) ("The use of the term 'child abuse' and not 'child neglect' in NRS 200.030(1)(a) evinces the legislature's intent that different meanings apply to the two terms and that a murder perpetrated by means of 'child abuse,' and not 'child neglect,' constitutes first degree murder."). In *Labastida*, this court concluded that felony murder by child abuse must follow the definition of child abuse in the felony murder statute. 115 Nev. 298, 303, 986 P.2d 443, 446 (1999) ("[W]e are not willing to read NRS 200.030(1)(a) so as to define first degree murder to include a murder which is perpetrated by means of child neglect. There is no statutory basis for doing so.").

Although the State prosecuted Thompson with felony murder by child abuse under the felony murder statute, jury instructions 10 and 11 instruct the jury as to whether Thompson is guilty of acts prohibited by NRS 200.508. The felony murder statute defines murder of the first degree as murder which is "[c]omitted in the perpetration or attempted perpetration of," among other crimes, "child abuse." NRS 200.030(1)(b). The statute defines "child abuse" as "physical injury of a nonaccidental nature to a child under the age of 18 years." NRS 200.030(6)(b). Thus, jury instructions 10 and 11 improperly expand upon what is prohibited by the felony murder statute. For instance, jury instruction 10 instructs the

jury to find Thompson guilty if he placed Bork's child in a situation in which the child could suffer physical pain or mental suffering. Jury instruction 11 instructs the jury that child abuse includes both physical and mental injury of a nonaccidental nature *and* negligent treatment of a child. As explained in *Labastida,* and by its plain language, the felony murder statute neither prohibits the conduct in jury instruction 10 nor uses the more expansive definition of child abuse in jury instruction 11. Accordingly, we conclude that the district court abused its discretion in its instructions to the jury regarding felony murder by child abuse.

We further conclude that this error prejudiced Thompson because the State emphasized in its closing argument the jury's ability to find Thompson guilty of felony murder by child abuse under the erroneous language contained in instructions 10 and 11. *See* NRS 179.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."); see *also Dougherty v. State,* 86 Nev. 507, 509, 471 P.2d 212, 213 (1970) ("An accurate instruction upon the basic elements of the offense charged is essential, and the failure to so instruct constitutes reversible error."). Because of the State's argument, it is unclear whether the jury convicted Thompson of first-degree felony murder for conduct prohibited by the felony murder statute or for conduct merely prohibited by NRS 200.508.

Thus, the district court failed to properly instruct the jury as to the definition of felony murder by child abuse through jury instructions 10 and 11, and the error prejudiced Thompson. We decline to address

Thompson's argument regarding compelled witness immunity at this time.[2]

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]We have considered the parties' remaining arguments and conclude that they are without merit.

cc: Hon. Stefany Miley, District Judge
Landis Law Group
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk