IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ALAN LEE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76330

FILED

NOV 1 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Appellant Michael Alan Lee argues that the district court erred in denying his claim that trial and appellate counsel should have challenged certain jury instructions as misstating the elements of first-degree murder based on child abuse. We agree.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-46840

preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697.

Lee argues that trial and appellate counsel should have challenged the jury instructions on first-degree felony murder by child abuse because they impermissibly expanded the definition of child abuse to encompass child neglect. NRS 200.030(1)(b) provides that murder committed in the perpetration of child abuse is first-degree murder. Child abuse, in this context, is "physical injury of a nonaccidental nature to a child under the age of 18 years." NRS 200.030(6)(b). We have held that jury instructions that expand the category of offenses that constitute child abuse for purposes of defining first-degree murder are impermissible, particularly where they permit a jury to convict a defendant of first-degree felony murder for acts constituting child neglect rather than abuse. *Labastida v. State*, 115 Nev. 298, 303, 986 P.2d 443, 446 (1999).

The jury instructions given here repeated the error we found in *Labastida* and permitted the jury to find Lee guilty of first-degree murder for acts that did not necessarily constitute child abuse under NRS 200.030(6)(b). The district court did not give a jury instruction providing the NRS 200.030(6)(b) definition for "child abuse" as a predicate offense for felony murder and only gave jury instructions defining "child abuse" within the meaning of the separate offense set forth at NRS 200.508. Jury instruction number 7 instructed the jury that a killing committed in the course of perpetrating child abuse is first-degree murder. Jury instruction number 8 provided that a person who causes a child "(a) to suffer unjustifiable physical pain or mental suffering as a result of abuse or, (b) to be placed in a situation where the child may suffer physical pain or mental

SUPREME COURT
OF
NEVADA

(O) 1947A

suffering as the result of abuse is guilty of the offense of Child Abuse." Instead of the definition in NRS 200.030(6)(b), instruction number 8 improperly provided the more expansive definition for "abuse or neglect" of a child set forth in NRS 200.508(1). Jury instruction number 10 made a similar error, following NRS 200.508(4)(a) and defining "abuse" as "physical or mental injury of a nonaccidental nature or negligent treatment or maltreatment of a child under the age of 18 years, under circumstances which indicate that the child's health or welfare is harmed or threatened with harm." Because the jury instructions clearly misstated the elements of first-degree murder, trial and appellate counsel performed deficiently in failing to challenge the instructions. *See Ramirez v. State*, 126 Nev. 203, 210, 235 P.3d 619, 624 (2010) (reversing where a *Labastida* instructional error was prejudicial); *Dougherty v. State,* 86 Nev. 507, 509, 471 P.2d 212, 213 (1970) ("An accurate instruction upon the basic elements of the offense charged is essential, and the failure to so instruct constitutes reversible error."). The district court erred in concluding otherwise.

Lee also argues that he was prejudiced by trial and appellate counsel's deficient performance. The State counters that, even if counsel performed deficiently, Lee was not prejudiced because the prosecution argued only that Lee killed the child in the course of committing child abuse and did not proffer a theory of murder by child neglect. Contrary to the State's representation, the evidence presented at trial supported an inference that Lee killed the child in the course of committing child neglect. The erroneous instructions went to the heart of the case. The trial evidence did not establish how the child suffered the lethal abdominal injury underlying the charge of first-degree murder. No direct evidence showed that Lee intentionally inflicted the blunt force trauma that the State argued

constituted fatal child abuse. Rather, the evidence supported that Lee had exclusive care of the child for certain periods during the time when the mortal injury was suffered. The record also supported that the child's mother had exclusive care of the child at other times during the relevant time period, and the defense argued that she actually inflicted the fatal abdominal injury. How the injury happened was left for the jury to infer. Based on the evidence, the jury could have found that Lee negligently caused the child's death by placing the child "in a situation where the child may suffer physical pain or mental suffering as the result of abuse," a mode of commission on which the jury was instructed and which cannot support a conviction for first-degree murder by child abuse under NRS 200.030(1)(b). Indeed, as the State called out in closing, Lee offered explanations for several of the child's lesser injuries that occurred while in Lee's care, supporting an inference that Lee caused the child's death by neglect.

Where the record would support finding causation by neglect and the jury was improperly instructed that it could find Lee guilty of first-degree murder based on neglect, our confidence in the jury's finding is undermined. *See Cortinas*, 124 Nev. at 1020-21, 195 P.3d at 320 (recognizing that misstating felony-murder jury instruction can present jury with multiple theories, allowing a conviction based on an invalid theory of felony murder). As the jury could have found Lee guilty of first-degree murder on an impermissible basis and had to weigh conflicting and circumstantial evidence to determine culpability, we conclude that Lee has shown a reasonable probability of a different outcome had trial or appellate counsel challenged the instructional error. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine

SUPREME COURT
OF
NEVADA

(O) 1947A

4

confidence in the outcome."); *Ramirez*, 126 Nev. at 208, 235 P.3d at 622-23 (reviewing unpreserved appellate claim for plain error and concluding that a *Labastida* instructional error was plain error where the defendant could have been convicted of second-degree murder based on an invalid predicate felony and there was conflicting evidence as to who inflicted the fatal injury). The district court therefore erred in denying Lee's claim that trial and appellate counsel provided ineffective assistance.[2]

Having considered Lee's contentions and concluded that relief is warranted, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Silver                                        Douglas

cc:    Hon. Stefany Miley, District Judge
       Mayfield, Gruber & Sheets
       Nevada Appeal Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]As relief is warranted on this basis, we need not reach Lee's remaining arguments.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.